## SIMPSON v WELSH et

Ohio Appeals, 5th Dist, Knox Co

Decided Nov 1, 1932

Robert L. Carr, Mt. Vernon, for plaintiff.
Barton W. Blair, Mt. Vernon, for defendants.

SHERICK, PJ.

Now the plaintiff concedes that if the grandchildren, Charles F. Welsh and Lewis C. Welsh, took a vested estate in remainder under the terms of the testator's will, at the death of the testator the matter is ended and she cannot be concerned with the manner in which her kin disposed of the property. But if the grandchildren took a contingent estate in remainder, ascertainable only at the death of Eleanor Welsh, then she is vitally interested and entitled to the relief sought. This latter view is, of course, claimed by the plaintiff, and presents the only issue in the case.

In view of the host of authorities that the intention of the testator is paramount, which we shall not review, and that the law favors the early vesting of estates, we shall content ourselves with proceeding direct to the rule of law and those precedents that must be decisive of the language used in the light of the testator's intention and the developed facts.

The plaintiff says that the testator never gave any estate by legacy or devise to his daughter, Eleanor. The expressed intention of the testator is otherwise. Note the language of item 6, where he speaks of the "share above devised to them in trust" for life. We only make this remark as a premise, in view of the plaintiff's claim that from the death of the testator to the date of the death of Eleanor Welsh the fee to the premises reposed in the trustee, which we are unable to appreciate; and for the further reason that we are mindful of the settled rule that an estate in remainder is an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument.

The words, "upon their death," employed in item 6, are charged as referring to the testator's grandchildren. A consideration of the words and meaning of the will in its entirety, however, indicates otherwise. This construction would be a strained interpretation and not in conformity with the testator's intention. The words used clearly must apply to testator's daughters.

Our Supreme Court, in **Tax Commission v Oswald, Exrx, 109 Oh St 36, at page 52,** 141 NE 678, 682, concisely states the well-recognized rule:

"A remainder is vested when there is a present fixed right to future enjoyment. A remainder is contingent which comes into enjoyment or possession on the happening of some uncertain event.

"The further distinction is, however, to be borne in mind that it is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the distinction between a vested and contingent remainder."

The children of Eleanor Welsh, that is, Charles F. and Lewis C. Welsh, were in full life at the time of the testator's death. They then had a present fixed right to future enjoyment at their mother's death. True, there was an uncertainty of enjoyment, for they might have died before their mother; but there was no uncertainty of their right to that enjoyment. The fact that they preceded their mother in death cannot change the rule.

The same court, **In Re Hutchison, 120 Oh St 542, 549,** 166 NE 687, 690, answers this contention of the plaintiff, by a quotation taken from 2 Washburn on Real Property (6th Ed.) §1541, to the effect that: "no degree of uncertainty as to the remainderman's ever enjoying his remainder will render it contingent, provided he has, by the limitation, a present absolute right to enjoy the estate the instant the prior estate shall determine."

We would at this point direct attention to **16 Ohio Jurisprudence, p. 468, §92,** pertaining to estates. The author there states the rule, as we see it, in this fashion: "A remainder which is otherwise vested is none the less vested because it is liable to be devested by a subsequent event, nor is it made contingent by the fact that the interest of the remainderman may be devested by his death before the death of the life tenant. There is a clear distinction between contingent estates which may vest, and vested estates which may be defeated upon the happening of a future event. In Ohio, vested remainders are not infrequently subject to devesting contingencies."

The last line of this quotation brings us to consider the claim of the plaintiff that the testator's will leaves the remainder over to an indeterminable class, that is, his daughters' children, and that this makes the remainder contingent. We do not think so.

A remainder in a designated class of persons may be vested even though it is subject to enlargement by letting in members of the class who were not in being, but who come into being before the remaindermen are entitled to possession of the estate. It

is not the quantum of interest in the remainder which a remainderman will receive in the estate that is the test, for such does not affect the present fixed right to future enjoyment. In such a case the remaindermen who are alive at the death of the testator have a present fixed right of enjoyment, subject, of course, to be devested pro tanto in favor of any after-born children of the designated class. In the case before us there is no after-born child of Eleanor Welsh, but the reason of the rule must overcome the plaintiff's claim.

In support of our conclusion, we direct attention to the following: **16 Ohio Jurisprudence, 468, §§92 to 95;** 23 Ruling Case Law, 510 and 535; Myers v Adler (Supreme Court, D. C.), 6 Mackey, 515, 1 L.R.A., 432, note; Crawley v Kendrick, 122 Ga. 183, 50 SE 41, 2 Ann. Cas. 643; Mercantile Bank of N. Y. v Ballard's Assignee, 83 Ky. 481, 4 Am. St. Rep. 160; Doe v Provoost, 4 Johns (N. Y.) 61, 4 Am. Dec. 249; and McArthur v Scott, 113 U. S. 340, 380, 5 S. Ct. 652, 28 L. Ed. 1015.

This court had occasion to consider the matter of a remainder over to a class in a review of the reported case of **Sager v Byrer, 24 Ohio N.P. (N.S.), 129,** which this court affirmed, and which the Supreme Court refused to review. Therein a like conclusion was reached.

The case of **Millison v Drake, 123 Oh St 249, 174 NE 776,** should be noted. The language of the will therein considered is very like that of the will before us. The court there considered that the language employed created and passed a vested remainder. It is our holding that a vested remainder was created in the will before us, and hence the plaintiff must fail.

Decree accordingly.

LEMERT and MONTGOMERY, JJ, concur.