GILLOGLY, ADMR., ET AL. *v.* CAMPBELL ET AL.

(Decided November 26, 1935.)

*Mr. C. A. Maxwell,* for plaintiffs.
*Mr. John C. Bassett,* for defendant trustee.

SHERICK, J. This action is appealed to this court. Its purpose is to subject certain property of a judgment debtor to payment of his debts, which property he had pledged by way of mortgage as security for his obligations. A solution of the controversy involves the construction of items five and six of the will of Manuel W. Campbell, under which will A. W. Campbell, the debtor, acquired an interest in or title to the property pledged. The appellant is the successor in trust to the trustee named in the will, which will in part provides:

Item Fifth: I give and devise to William Hill in trust and in trust only for the use and benefit of my brother Andrew W. Campbell, subject to the life estate therein of my said mother, all the rest and residue of my real estate, namely: that portion of my home farm lying on the opposite side of the Falls and Licking Road from lands devised in Item Fourth of this will, and being all the balance of my home farm not herein before devised by the former provisions of this will, and I hereby will, authorize, and direct my said trustee to take charge of said real estate upon my death and the death of my said mother and to manage the same as to him it seems to the best interest of my said brother, pay the taxes thereon, keep said real estate in reasonable repairs and pay over to my said brother Andrew W. Campbell annually or semi-annually, as to my said trustee shall seem best for and during his natural life, the net rent or income arising from said

lands after deducting the amount of taxes and repairs and reasonable compensation to my said trustee.

Item Sixth: Upon the death of my said brother, Andrew Campbell, I give, and devise to my nephew, Clayton E. Campbell, son of Andrew W. Campbell, in case he shall then be living, all of the real estate named in Item Fifth of this will, and devise in trust as therein provided, he taking an absolute estate therein; but in case my said nephew shall die before the death of my said brother, Andrew W. Campbell, then in such event, I give and devise an absolute estate to my said brother in said real estate named in Item Fifth of this will and direct my said trustee upon the death of my said nephew, Clayton E. Campbell, before the death of my brother, Andrew W. Campbell, to settle the said trust and turn over the possession of said real estate to my said brother, Andrew W. Campbell.

After the death of the testator's mother the nephew, Clayton E. Campbell, by sufficient and proper deed, conveyed all his interest in the devised premises to his father, A. W. Campbell, who is the brother named in the will as *cestui que trust* and devisee. After having acquired this conveyance, A. W. Campbell mortgaged the devised premises to the cross-petitioner, who is the appellee herein. Both A. W. Campbell and Clayton E. Campbell are now living.

We are asked by the appellant to declare the deed from the nephew to his father to be a nullity, and to further declare that it and the subsequent mortgage were but a subterfuge to defeat the intention of the testator by improperly concluding the trust created by the will. It is maintained that the mortgage conveyed no estate. These claims are of course strenuously denied by the appellee.

It is apparent that two questions are presented. First: Did Clayton E. Campbell have such present vested estate in remainder as he could alienate by

conveyance? If he did, then by the same token, and by parity of reasoning, A. W. Campbell might not only convey away his son's interest so acquired, but the estate in remainder as well, which he might have inherited as a remainderman in the event that his son preceded him in death. Second: May a *cestui que trust* alienate his equitable estate created by a trust of the character created by the terms of this will, and by reason thereof should a court of equity at the behest of a stranger extinguish and conclude the trust by its decree?

This court in *Simpson* v. *Welsh*, 44 Ohio App., 115, 184 N. E., 242, had before it the matter of determining these features of a devise postponed in enjoyment, which earmarks a remainder as being vested, as distinguished from one that is contingent in character. In the course thereof we had occasion to direct attention to *Tax Commission* v. *Oswald, Exrx.*, 109 Ohio St., 36, at page 52, 141 N. E., 678, and *In re Hutchison*, 120 Ohio St., 542, 549, 166 N. E., 687. It is held in the *Oswald case,* at page 52:

"A remainder is *vested* when there is a present fixed right to future enjoyment. A remainder is contingent which comes into enjoyment or possession on the happening of some uncertain event."

"The further distinction is, however, to be borne in mind that it is not the uncertainty of enjoyment in future, but the uncertainty of the *right* to that enjoyment, which marks the distinction between a vested and contingent remainder."

Surely Clayton E. Campbell had a present fixed right to the future enjoyment of the premises devised to him in remainder. In accordance with the terms of the will, at the death of his aunt and father, he had an immediate fixed right thereto, which was not postponed until the happening of some subsequent event which might never come to pass and create that right of enjoyment. True, he might precede his father in

death and never come into possession of his inheritance, yet he possessed from the will's probate no uncertain right to his future enjoyment. The first query must be answered in the affirmative.

At the death of the testator's widow, A. W. Campbell came into possession of an equitable estate in the devised premises, that is a positive right to the net income therefrom, over which the testamentary trustee had no discretion. No power was lodged in the trustee to withhold or supervise all or any part of the net income, but all was to be paid to him annually or semi-annually.

It will next be observed that the will contains no expression indicative of the testator's intention to create a spendthrift trust upon the land's net income for the use of A. W. Campbell. Had it been so intended it would without doubt have been provided that an attempt to alienate would work a forfeiture and terminate the equitable interest of the *cestui que trust*. It is further significant—when the will is examined with the thought in mind of ascertaining just what was the principal object sought by the testator in so disposing of this property to his brother and nephew—to note that the father was to come into full possession of the entire fee if the son preceded the father in death. From this the inference follows that the trusteeship's main purpose was to preserve the estate for the nephew, and not to protect the father against his creditors. The testator must be held to have known that his brother in such an event might alienate the devise. It is further of importance in that the record before us does not attempt to disclose that the father was improvident, incapable of farm management, or mentally deficient. The trust feature was no doubt adopted rather than the creation of a life estate in the father, because of convenience of final repose of the fee in the father or the son according to which one survived the other.

A. W. Campbell at the time of execution and delivery of the mortgage had a vested equitable estate in the net income, of which he was then possessed. It should need no citation of authority to declare that one so possessed may convey the same to another; as, in this case, to a stranger to the trust. Such a conveyance in and of itself would in nowise affect the trust. In *Thornton* v. *Stanley,* 55 Ohio St., 199, 45 N. E., 318, it is held:

"Where a testator bequeathed all the net income of his estate to a trustee in trust for the education and support of a certain person for life, without other limitation: held, that the bequest so made is an absolute one, and is subject to the claim of creditors."

In *Lozier* v. *Lozier,* 99 Ohio St., 254, 124 N. E., 167, is to be found further recognition of the right of a *cestui que trust* to alienate an income bequest.

And now considering the right of a court of equity to terminate a trust created under the terms of a will, we would direct attention to three adjudications of the courts of this state. *Taylor* v. *Executors of Huber,* 13 Ohio St., 288, is first noted, wherein the remaindermen had died without issue and the estate descended to the life tenant as next of kin. It was held, that:

"The trust in the hands of the executors having failed by the occurrence of a contingency not provided for by the will, and the entire beneficial interest in the fund having vested in S. [the life tenant], equity will decree its payment directly to her, without the delay and expense of successive administrations."

This authority is followed in *Gloyd* v. *Roff,* 2 C. C., 253, 1 C. D., 472, which case presents a uniting of the income of a trust fund and the estates in remainder in the holder of the equitable interest. The joinder was effected by conveyance and not by death, as in the *Taylor case.* It was concluded:

"A state of things having arisen not contemplated

or provided for by the testator in his will, and the entire interest in the fund having vested in the widow, equity will declare the trust terminated and order the transfer of the fund over to her subject to the payment of all proper charges to the trustees."

The leading case in this state upon the right of a court of equity to terminate a trust is that of *Robbins* v. *Smith, Jr., Admr.,* 72 Ohio St., 1, 73 N. E., 1051. It is reasoned in the course of the opinion, as follows:

"Nor is it doubted that although a trust may not have ceased by operation of time, and although some of its subordinate purposes may not have been accomplished, yet if the paramount purposes have all been accomplished and all the parties who are or may be interested in the trust property are in existence, and *sui juris,* and consent to the termination of the trust, a court of equity may decree it terminated, for a trust will not be continued merely for the benefit of the trustee, and where the provisions named in the trust which are inconsistent with the full beneficial ownership of the *cestui* are fulfilled, the *cestui* having the absolute equitable ownership, he is entitled, as he is also where it has become impossible to carry out the trust, to have the trust terminated. But where the paramount purposes have not all been subserved, or in provisions by will where there are cross-remainders or contingent interests which cannot be determined and adjusted until the happening of certain events, the trust cannot be terminated; nor can it be determined by consent while it is still uncertain who will take under the bequest relating to final distribution."

Keeping in mind that the testator did not forbid alienation in the will before us, that his paramount purpose and intent was to establish the fee in the survivor of his remaindermen, that the son conveyed his vested interest to his father upon a consideration which is not contended to be inadequate or to have been

obtained through fraud or unfair dealing, and that the *cestui que trust* possessed not only the equitable estate, but the estate in remainder, upon the strength of which he procured the mortgagee to part with that which was of considerable value, it appeals to the members of this court that the trust should be terminated by the order of this court.

It therefore follows in accordance with this decree that the same judgment is entered in this court as was entered in the Court of Common Pleas, to which court the cause is remanded for further proceedings.

*Decree accordingly.*

LEMERT, P. J., and MONTGOMERY, J., concur.