ESTATE OF A. FRANK SELTZER, DECEASED, LOUISE K. SELTZER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11374.    Promulgated May 12, 1948.

*Harold K. Bell, Esq.*, for the petitioner.
*Philip J. Wolf, Esq.*, for the respondent.

Van Fossan, *Judge*: The Commissioner included in the value of the gross estate of decedent the amount of $20,129.90. In explanation of the adjustment, it is stated in the statement attached to the deficiency notice, in part, as follows:

In Schedule G of your estate tax return you reported but did not include in the gross estate the corpus of a trust established by the decedent grantor on December 3, 1936. * * * It is held that the value of the assets in the trust at the date of decedent's death is includible in the gross estate under the provisions of Section 811 (c) and/or 811 (d) of the Internal Revenue Code.

It is the contention of the petitioner that such value is not includible in the gross estate of decedent under section 811 (d) (1) of the Internal Revenue Code because the trust was irrevocable as far as the decedent-grantor was concerned under the following provision of the trust:

This settlement is made without any right of revocation or recall in me, but the right is reserved to me during my life, in case it is found or considered that this instrument is uncertain or incomplete in any respect, to from time to time modify the terms of this instrument, but only for the purpose of defining or enlarging the powers of the Trustees, to facilitate the administration of the trust estate. Any such modification shall be by written instrument signed by me and delivered to the Trustees.

The respondent argues that such provision has reference only to the right of revocation in the decedent in his capacity of grantor, for the reason that under another provision in the trust he retained the right of revocation and termination of the trust, in conjunction with other beneficiaries of the trust, in his capacity as beneficiary. Such provision is as follows:

This settlement can only be revoked or terminated by a written consent executed by all of the then living beneficiaries hereof who are twenty-one (21) years or more of age, which written consent shall provide for the disposition of the trust property.

In the granting clause of the trust agreement, the grantor, in referring to himself, uses the nominative and objective pronouns of the first person "I" and "me." After a statement of the powers granted to the trustees and certain rights reserved to the grantor, the clause upon which the petitioner relies follows. In it the objective pronoun of the first person is used, as follows: "This settlement is made without any right of revocation or recall in me * * *." Immediately following is the clause:

I reserve the right to add other properties to the trust estate, by conveyance, transfer or delivery to the Trustees, but only with their consent, to be treated as part of the trust estate as herein provided.

Up to this point, it is clear that the agreement deals with the grant intended to be made, i. e., with the rights in the property transferred

to the trustees and with the powers and rights retained or reserved therein by the decedent as grantor. In the last quoted clause, the words "as grantor" are clearly implied, viz., "I [as grantor] reserve the right to add other properties to the trust estate." Just as clearly, the same words are implied in the preceding clause, viz., "This settlement is made without any right of revocation or recall in me [as grantor]."

After the clause in which the grantor reserves the right to add other properties to the trust estate follows the clause upon which the respondent relies. This is followed by the dispositive clauses. Thereunder the wife of grantor was to receive during her life the income from seven-ninths of the trust estate. Upon her death, such income was payable to the grantor until his death. Upon his death, or upon the death of his wife if grantor had predeceased her, the trust estate was to be delivered to the grantor's son, J. D. Seltzer, if living, otherwise the son's interest was to vest in his then living issue, *per stirpes*, provided, however, that the trust was to continue as to any such issue under the age of 21 years. Upon the death of any child of grantor's son without issue and before distribution to him or her, the shares of the remaining children of grantor's son, or the issue of any deceased child of grantor's son, were to be increased proportionately, including the share of any child who had reached the age of 21 years and who had received distribution of his or her share. If the son left no issue but left a spouse, him surviving, the entire balance remaining was to be distributed to her, otherwise to the Lakewood City Hospital.

The argument of petitioner that the clause upon which respondent relies is not applicable to the decedent-grantor because he was not a beneficiary under the trust, is without merit. He was a beneficiary, although a contingent one.

Petitioner's further argument that the decedent had in mind as "beneficiaries" only the three primary beneficiaries, i. e., his wife and her two sisters, who were each entitled to the income of one-ninth of the trust estate, is also without merit. It is refuted by the use of the qualifying phrase "who are twenty-one (21) years or more of age." Presumably grantor's wife and her two sisters were 21 years or more of age. The use of that phrase indicates thought of those beneficiaries who would take upon the death of the primary beneficiaries.

It is our opinion that the clause upon which the petitioner relies deals only with the power of revocation exercisable by the decedent in his capacity as grantor, whereas the clause upon which respondent relies deals with the power of revocation and termination exercisable by the decedent in his capacity as beneficiary in conjunction with other than living beneficiaries 21 years or more of age. The latter provision is not affected by the former. The agreement so construed is without ambiguity and gives proper effect to each clause.

In the Revenue Act of 1936, section 302 (d) (1) of the Revenue Act of 1926, as amended, was further amended to provide that the value of the gross estate of a decedent shall be determined by including the value at the time of his death of:

(d) REVOCABLE TRANSFERS.—

(1) TRANSFERS AFTER JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (*in whatever capacity exercisable*) by the decedent alone or by the decedent·in conjunction with any other person (without regard to when or from what source the decedent acquired such power), *to alter, amend, revoke, or terminate,* or where any such power is relinquished in contemplation of decedent's death. [Emphasis supplied.]

The trust agreement was executed December 3, 1936. Thus the transfer in trust was made after June 22, 1936, the effective date of the 1936 Act. Under the terms of the agreement the grantor reserved the right to terminate the trust and to dispose of the trust property in his capacity as beneficiary in conjunction with "all of the then living beneficiaries * * * who are twenty-one (21) years or more of age." The provision in the trust upon which the respondent relies brings the trust within the express language of section 302 (d) (1) of the Revenue Act of 1926 as amended, now section 811 (d) (1) of the Internal Revenue Code. See *Commissioner* v. *Holmes' Estate,* 326 U. S. 480; rehearing denied, 327 U. S. 813; *Estate of Charles M. Thorp,* 7 T. C. 921; affd. (C. C. A., 3d Cir.), 164 Fed. (2d) 966; certiorari denied, 333 U. S. 843; *Estate of Lelia E. Coulter,* 7 T. C. 1280. Although the grantor in *Holmes' Estate, supra,* retained no power to revest in himself or his estate any portion of the corpus or income, the Court nevertheless held that the power retained by the grantor to terminate any or all of the trusts and distribute the principal, with accumulated income, to the beneficiaries then entitled to receive it, was sufficient to make the transfers in trust includible in his gross estate under section 811 (d) (2) of the Internal Revenue Code, which section is applicable to transfers on or prior to June 22, 1936. That section contains the earlier phrasing, and the words "or terminate" and the parenthetical phrase "(in whatever capacity exercisable)" were not included therein in the Revenue Act of 1936. Herein the disposition of the trust property was not limited to those then entitled to receive it, but upon termination of the trust the property thereof could have been disposed of as might have been agreed upon by the beneficiaries then living and 21 years of age or more.

*Helvering* v. *Helmholz,* 296 U. S. 93, relied upon by petitioner, is distinguishable. It was therein held that a trust created in a state whose law permits all of the then beneficiaries to terminate the trust was not taxable as a transfer intended to take effect in possession or

enjoyment at the death of the settlor under section 203 (d) of the Revenue Act of 1926. The trust there involved was a Wisconsin trust. The trust herein was established in Ohio. Under the laws of Ohio a trust may be terminated by consent if "all the parties who are or may be interested in the trust property are in existence and *sui juris.*" Where there are contingent interests which can not be determined and adjusted until the happening of certain events, the trust can not be terminated. *Robbins* v. *Smith,* 73 N. E. 1051; 72 Ohio St. 1; *Gillogly* v. *Campbell,* 2 N. E. (2d) 620; 52 Ohio App. 43. It can not be said here, as was stated in the *Helmholz* case, *supra,* that "The clause in question added nothing to the rights [of beneficiaries] which the law conferred." Furthermore, the *Helmholz* case was decided November 11, 1935, prior to the amendment of section 302 (d) of the 1926 Act by section 805 of the Revenue Act of 1936. Although the decisions in the *Helmholz* case and *White* v. *Poor,* 296 U. S. 98, raised a doubt whether Congress could or had included the power to terminate in the words "alter, amend, or revoke," as contained in section 302 (d) of the Revenue Act of 1926, as amended, it is stated in *Holmes' Estate, supra,* that "To clarify the matter Congress removed all doubt for the future by enacting § 811 (d) (1)" in the 1936 revision, and that the addition of "or terminate" in section 811 (d) (1) was declaratory of existing law and not a substantive change thereof.

Neither is the case of *Estate of John W. Neal,* 8 T. C. 237, cited by petitioner, applicable. It was stated therein that a trust settlor can exercise no powers of amendment or control over the trust except as are reserved to him by the instrument creating the trust, and that amendments making a change greater than within his reserved power are ineffective. It was held that, even though the settlor attempted to change the beneficial interests, it did not follow that he actually had the power to alter or amend within the meaning of section 811 (d) (2). The trust agreement herein provides for its revocation or termination by the consent of all the then living beneficiaries 21 years or more of age. The grantor was a beneficiary and thus under the trust agreement he *actually* had the power in conjunction with other beneficiaries of the same class to revoke or terminate the trust.

The fact that the grantor in his capacity as beneficiary could revoke or terminate the trust only in conjunction with other then living beneficiaries 21 years or more of age is not controlling, since, under the statute, the value of the transferred property is includible in the gross estate whether the right to revoke or terminate (in whatever capacity exercisable) is in the decedent alone or in the decedent in conjunction with any other person.

It is our conclusion that the Commissioner did not err in including in the value of the gross estate of decedent the amount of $20,-129.90.

In view of our holding that such amount is includible in the gross estate of decedent under section 811 (d) (1), it is not necessary to determine whether or not such amount is includible in gross estate under section 811 (c).

*Decision will be entered for the respondent.*