JOHN C. BROOKS

*v.*

WILLIAM H. DAVIS.

[Submitted July 3d, 1913.   Determined July 17th, 1913.]

1. Testatrix bequeathed to her grandson $4 a week, to be paid to him weekly during his natural life from the income of her property, the balance after paying for upkeep to be put on interest by the executor, except that, in case the legatee's present wife should die before him, then he should receive the entire profits of the estate for life.—*Held*, that such provision did not render the grandson's interest inalienable, and that it was assignable.

2. Where testatrix's entire estate and the entire beneficial interest under a trust had become vested in complainant, the chancery court had jurisdiction to terminate the trust on complainant's application.

---

Final hearing on bill to terminate a trust under a will.

*Mr. Ralph W. E. Donges,* for the demurrant.

*Mr. Samuel H. Richards,* contra.

LEAMING, V. C.

The bill discloses that the will of Lenora Flowers directs that her real and personal estate be held in trust by her executor, defendant herein, during the lifetime of Aaron Kraft, grandson of testatrix; that the executor is directed to pay to the grandson $4 per week, during his lifetime, from the income of the property, and to pay to him the entire net income of the property during his lifetime in the event of the decease of his wife; that at his death the entire trust estate is to go to certain designated devisees; that since the decease of testatrix complainant has purchased from the life *cestui que trust* his rights under the will, and has also purchased from the several devisees their several

rights, and by virtue of such purchases is now the sole and only person interested in the estate. The bill prays that the trust may be terminated and that an accounting may be had and the entire estate turned over to complainant.

A demurrer has been filed by defendant, and in support of the demurrer, it is claimed that the equitable life estate of Aaron Kraft is not assignable and that this court is without jurisdiction.

The provision of the will in behalf of Aaron Kraft is as follows:

"*Fourth.* 1 give and bequeath to my grandson Aaron Kraft the sum of four dollars per week, to be paid to him by my executor weekly during his natural life from the income from my properties, the balance, if any, after the properties are kept in good condition to be put on interest by my executor, but should my grandson Aaron Kraft present wife, Lottie Kraft, 'nee' Joline, depart this life before the death of my said grandson Aaron Kraft, I then do order and direct that he shall receive from my executor the entire profits from my properties after they are kept in good condition the remainder of his natural life."

It is urged in behalf of demurrant that the provision of the will above quoted creates a spendthrift trust in behalf of Aaron Kraft, and that his rights under such a trust are inalienable.

It is clearly unnecessary to here determine whether, or to what extent, in this state a testator may lawfully exempt an equitable life estate created by his will from voluntary or involuntary alienation by the *cestui que trust.* In *Camden Safe Deposit and Trust Co.* v. *Schellinger, 78 N. J. Eq.* (*8 Buch.*) *138,* I had occasion to refer to the conflict between what is known as the English rule and the rule which has been adopted by some of the American states, and to suggest that our court of last resort has not, so far as I am aware, been called upon to determine the rule that controls in this state. The great diversity of views on this subject will be sufficiently disclosed by the following collections of adjudicated cases: *8 Rose's Notes to U. S. Rep. 755;* note to *De Peyster* v. *Michael, 57 Am. Dec. 488;* note to *Smith* v. *Towers, 9 Am. St. Rep. 404;* note to *Garland* v. *Garland, 24 Am. St. Rep. 686; 24 Am. & Eng. Encycl. L.* (*2d ed.*) *870; 26 Am. & Eng. Encycl. L.* (*2d ed.*) *137.*

But should the most liberal views in support of the right of restraint against alienation be here adopted it is apparent that the terms of the will annexed to the bill in this case are inadequate to accomplish that result. An examination of the authorities collected in the above citations will disclose that the view is adopted with entire uniformity that to create a restraint against alienation it must clearly appear that such was the intention of the testator or donor. Cases are to be found to the effect that a provision exempting the gift from claims of creditors of the donee or a provision that the gift was for the support of the donee may include by implication a provision against voluntary alienation, but it will be observed that in the will here in question no provision in any way suggests a purpose on the part of testator to restrict the donee's powers over the gift, unless the direction for small weekly payments may be held to indicate that purpose. I think it clear, however, that that circumstance cannot properly be held to justify a provision against alienation to be read into the will.

In the absence of an express or implied provision against alienation the assignment from Aaron Kraft to complainant must, under the averments of the bill, be sustained.

The entire estate having at this time become vested in complainant, there can be no doubt of the jurisdiction of this court to grant the relief sought. *Huber* v. *Donoghue, 49 N. J. Eq.* (*4 Dick.*) *125.*

I will advise a decree overruling the demurrer.