Argued October 4, 1928, reversed January 29, 1929.

DELLA C. ADKINSON *v.* TERESA L. BLOM-QUIST ET AL.

(274 Pac. 312.)

For appellants there was a brief and oral argument by *Mr. John Bayne.*

For respondent there was a brief over the name of *Mr. V. A. Goode,* with an oral argument by *Mr. W. C. Winslow.*

RAND, J.—Joseph W. Shaff died testate in April, 1880, leaving surviving him a widow and three sons. By his will he gave to two of his sons the sum of $5 each and the remainder of his property, both real and personal, he disposed of by a provision in the will which reads as follows:

"Third: I give and bequeath unto my wife Betsy M. Shaff, all the balance of my property, both real

and personal to be held by her for the support of herself and my youngest son, Walter D. Shaff, during her life time and at her death it is all to go to the said Walter D. Shaff, or in case said Walter D. Shaff should die without having any children or before the death of my wife, then at the death of my wife Betsy M. Shaff all that is left of my estate is to be divided equally between my two sons Arthur E. Shaff and Charles W. Shaff.''

Walter D. Shaff died without issue on March 26, 1924, and was predeceased by both his mother, Betsy M. Shaff, and his brother, Arthur E. Shaff. Della C. Adkinson, the plaintiff, is the daughter and sole heir at law of Arthur E. Shaff, deceased. She instituted this suit to quiet title to an undivided one-half interest in the real property devised by Joseph W. Shaff, contending that, because Walter D. Shaff left no lineal descendants at the time of his death, she became the owner thereof upon his death, under the above-quoted provision of her grandfather's will. She had decree in the lower court and from this decree the defendants have appealed.

1, 2. It is obvious from the reading of the provision referred to that Joseph W. Shaff, in making his will, had in mind the possibility that Walter D. Shaff might die without issue during the lifetime of his mother and intended that if such contingency should arise then his property should pass in equal shares to his other two sons, but otherwise not. The point of time at which the testator intended that the title to the devised property should vest either in Walter D. Shaff, or his children, on the one hand or in his other two sons on the other hand was the moment when Betsy M. Shaff should die. If Walter D. Shaff was living at that time or if he died before she did and had issue then living, it was to pass to him or them upon her death, but otherwise the

property was to go to the other two sons. To give to the will any other construction would be to render inoperative the clause "then at the death of my wife Betsy M. Shaff all that is left of my estate is to be divided equally between my two sons Arthur E. Shaff and Charles W. Shaff." "It is a canon of construction that effect is, if possible, to be given to every word used in a will but it is one which must bend to circumstances." 1 Jarman on Wills, *paging, 486. The devise over to the other two sons of testator was not intended to import a failure of issue by Walter D. Shaff at any indefinite period but to his dying before his mother did leaving no children at the time of her death. Upon her death his title to the devised property became absolute and a subsequent failure of issue could not affect or defeat his title.

3. During the trial in the Circuit Court plaintiff offered in evidence a quitclaim deed which she executed in 1914 after the death of Betsy M. Shaff, releasing to Walter D. Shaff her interest, if any, in the land and she offered evidence tending to show that Walter D. Shaff was at that time negotiating for the sale of the land and that some objection had been raised to his title and that the deed was executed to cure the supposed defect and to enable him to sell the land. It is contended that this act upon her part was sufficient to create a resulting trust. The quitclaim deed acknowledged the receipt of one dollar as the consideration therefor and, if she had had any interest in the land, it was sufficient to convey such interest, but it contained no provision from which an intention to create a trust could be implied, nor was there anything in the transaction from which a trust could result in law. The mere giving of a quitclaim deed to cure a supposed defect in title to real property, whether such defect exists or not, is

not in itself alone sufficient to create a resulting trust.

4. During the trial parol evidence was offered tending to show that before the death of his mother, Walter D. Shaff had made statements or admissions to the effect that he was to take a life estate only under the will. It is contended that this testimony was admissible to show the construction which he placed upon the will and to explain its meaning. His opinion upon that question was of no importance. The alleged declarations or admissions were not based upon a consideration and the language used was not contractual nor was anything shown to have been done by anyone in reliance thereon. Hence, they did not constitute a contract nor could they be the basis or grounds of an estoppel. It was not a case where the devisees under a will, in ignorance of their rights, have so dealt with the devised property as to estop them from asserting as between themselves their full legal rights under the will. The declarations were made before the death of his mother and at a time when his future interest or estate in the property was contingent upon his outliving his mother. If he died before his mother without leaving children then the devised property was to pass to his two brothers upon the death of his mother. That was the point of time at which they were to take and the only time when they could take under their father's will.

For these reasons the decree of the lower court must be reversed and the cause will be remanded with directions to dismiss the suit.     REVERSED.

BEAN, MCBRIDE and ROSSMAN, JJ., concur.