Argued October 27, reversed December 2, 1953

# NICHOLS *v.* FIRST NATIONAL BANK OF BAKER

264 P. 2d 451

*Blaine Hallock,* of Baker, argued the cause for appellant. On the brief were Hallock, Banta, Silven & Horton, of Baker.

*A. S. Grant,* of Baker, argued the cause for respondent. On the brief were Grant & Fuchs, of Baker.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK and PERRY, Justices.

LATOURETTE, C. J.

This is an appeal by Edith F. Nichols, widow of James H. Nichols, deceased, from a decree in a declaratory judgment proceeding against the First National Bank of Baker, as trustee, which held against her claim to the corpus of a trust fund created by the will of her husband. The construction of decedent's will, which was executed on January 14, 1929, is before us.

At the time the will was executed, his wife, Edith F. Nichols, and his daughter, Elizabeth Nichols, were living, the daughter being about nine years of age. Decedent died during the month of May, 1929, and his will was thereupon admitted to probate in Baker county and estate proceedings were closed shortly thereafter. After decedent's death, his daughter Elizabeth married one James Filor. Two sons were the issue of this marriage. On August 27, 1951, the daughter, her husband and two children simultaneously met their death in an airplane accident, the daughter at that time being 31 years of age.

The will in question made certain bequests and devises to relatives and friends, and then bequeathed to his wife all of the real property situate in Oregon owned by him at the time of his death, in addition to the sum of $20,000. She was also made the beneficiary in certain insurance policies.

The following clauses of the will are before us for construction:

"EIGHTH: I give and bequeath to Baker Loan and Trust Company, a banking corporation, of

Baker, Oregon, the sum of twenty thousand dollars in trust for the use and benefit of my said daughter, Elizabeth J. Nichols, and direct that it take and receive said sum of money, invest and keep the same invested, in securities to be approved by it, and hold the same in trust during the life of my said daughter paying to her the income therefrom on the 1st day of January of each year, after deducting proper charges for the services performed by them under this trust. In the event of the death of my said daughter prior to the death of my wife, Edith F. Nichols, then I direct that said trust relationship, with respect to said fund shall continue and that my said wife shall receive the entire income therefrom during her lifetime. On the death of my daughter, if she survive my wife, I give, devise and bequeath the principal of said trust fund to the issue of my said daughter, if any she has, share and share alike. If she shall die without issue, then and in that event, if she shall have reached the age of twenty-one years at the time of her death, I direct that she may dispose of the principal of said trust fund by will, in such manner as she may desire, and in the event that at the time of her death if she shall survive my wife and shall not have attained the age of twenty-one years, I direct that the proceeds of said trust fund shall be paid to my niece, Eleanor Williams Evenson, if she be living and if she be not living to her issue share and share alike.''

"SIXTEENTH: All of the rest, residue and remainder of my property and estate, real, personal and mixed of every kind and character whatsoever and wheresoever situated of which I die seized and possessed, I give, devise and bequeath to my wife, Edith F. Nichols and my daughter Elizabeth J. Nichols in equal shares.''

After the death of the husband, the daughter Elizabeth, pursuant to clause eight of the will, received income from the trust fund during her lifetime and after

her death the wife was entitled to, and received, such income. There is no argument about this.

As to clause eight of the will we find that the testator made provision for the disposition of the corpus of the trust fund as follows:

(1) If daughter survives wife principal of fund to go to issue of daughter.

(2) If daughter dies without issue and has reached the age of 21 years at the time of her death, daughter has right to dispose of principal by will.

(3) If daughter shall survive wife and shall not have attained the age of 21, principal to niece, Eleanor Williams Evenson.

Since the daughter did not survive the wife, provisions 1 and 3 above set out are ineffective, and since the daughter was of the age of 31 years at the time of her death and did not dispose of the principal by will, section 2 above is inoperative.

Under the circumstances of the case, no disposition of the corpus of the trust, under clause eight of the will, has been effectuated, to which all the parties to this proceeding agree.

The question is, what disposition, if any, shall be made of the corpus of the trust at this time?

■ It is the law that where one is the beneficiary of a contingent gift under a will and dies after the death of the testator, before the gift vests, there is a failure of such gift. *Jorgensen v. Pioneer Trust Co.*, 198 Or 579, 258 P2d 140; 4 Page, Wills, 163, § 1414.

■ Where a contingent gift fails, such gift falls back into the estate of decedent and descends under the law of descent in the absence of a residuary clause. *Kaser v. Kaser*, 68 Or 153, 159, 137 P 187. See *In re Estate*

*of McCoy,* 193 Or 1, 236 P2d 311; *Lee v. Albro,* 91 Or
211, 178 P 784.

◼ However, where the decedent dies testate and has
a residuary clause in his will, upon a failure of such
gift the same passes to the residuary legatee under the
residuary clause of the will. *Witham v. Witham,* 156
Or 59, 66 P2d 281; 57 Am Jur 949, Wills, § 1418; 108
ALR, Annotation, beginning at p 464.

◼ Where there are two residuary legatees and there
is a lapsed or failure of legacy as to one of them, the
surviving legatee will not take such legacy as a sur-
vivor unless survivorship is distinctly expressed by
the terms of the will, or is clearly implied therefrom,
but the same will fall into the estate of decedent and
descend according to the laws of descent as of the date
of the death of the testator. *Kaser v. Kaser,* supra,
at p 159; *In re Estate of McCoy,* supra; *Armstrong
Junior College Commission v. Livesey,* 189 Ga 825 7
SE2d 678, 132 ALR 1063, and Annotation, 132 ALR
1069.

◼◼ The untimely death of the daughter, her chil-
dren and husband, brought about a contingency which
occasioned the failure of the gift, and since the mother
could not take the daughter's share as a survivor
under the residuary clause, it would fall into the estate
of the husband and descend to the mother, she being
the sole remaining heir at law of her husband and
daughter, thus giving her the entire trust estate.

The trustee urges that the trusteeship should con-
tinue until the death of the widow and bases its con-
tention on the language of the will found in clause eight
of the will:

"* * * In the event of the death of my said
daughter prior to the death of my wife, Edith F.

Nichols, then I direct that said trust relationship, with respect to said fund shall continue and that my said wife shall receive the entire income therefrom during her lifetime. * * *''

It is said by the trustee that this language is unequivocal,

''* * * and clearly covers the situation which has arisen. The decedent without equivocation directs that if the daughter should die before the wife the trust relationship shall continue during his wife's lifetime. The claim that the will must be so construed to mean that in the event the daughter dies before the wife the trust shall become a part of the residuum of the estate is directly contrary to the clear and explicit directions of the testator.''

The trial court adopted the above view in the following language:

"This direction is so clearly expressed that it admits of no construction. There is no conceivable ambiguity in the language of the will. * * *''

■ The language of the will creating the trusteeship, of course, is clear and unambiguous, but in construing the will we are not limited to the language in any specific part of the will. It is our duty to ascertain the intention of the testator by considering the will in its entirety. *Fields v. Fields,* 139 Or 41, 3 P2d 771, 7 P2d 975.

Had the corpus of the trust estate devolved according to the provisions of clause eight of the will, the language regarding the trust, of course, would be controlling. But the contingency that has arisen, which brought about the failure of the bequest, was obviously not within the contemplation of the testator when he executed the will. Therefore, we must consider the circumstances attending the death of the daughter and

family and construe the trust provision in the light thereof. We said in *Adkinson v. Blomquist,* 128 Or 211, 214, 274 P 312:

> "* * * 'It is a canon of construction that effect is, if possible, to be given to every word used in a will but it is one which must bend to circumstances' I Jarman on Wills, *paging 486. * * *'"

And in *Lent v. Title & Trust Co.,* 137 Or 511, 516, 3 P2d 755, we said:

> "In other words, the court recognized the well-settled rule that a court of equity will, under certain circumstances and conditions, hasten the enjoyment of a trust fund."

■ Where there is a merger of beneficial estates in the same person, a trust may be terminated unless a spendthrift, support or similar trust is created. It is said in 54 Am Jur 86, Trusts, § 89:

> "A trust may be terminated as the consequence of a merger or meeting of beneficial estates in the same person, as where the life interest and the fee in the beneficial ownership merge in the same person, or where the interests of co-beneficiaries meet in the same person. This is true whether the merger or meeting of equitable interests is by purchase or descent, and whether it is in an original beneficiary or in an original stranger to the trust, if under the circumstances of such a merger or meeting of interests the trust ceases to have any active purpose. But a spendthrift, support, or similar trust continues to have an active purpose despite such a merger or meeting of equitable interests in the same person, and for such reason will not be terminated because of the merger or meeting. * * *'"

■ The trust created by the instant will was not a spendthrift or support trust so far as the widow was concerned. That the testator had great confidence in his wife's ability to handle money is evidenced by the

provisions of the will giving her $20,000 in cash, all his real estate in Oregon, and the proceeds of insurance policies. The primary support provision of the will was directed to his daughter, and the fact that he provided secondarily for his wife, so far as the income from the trust is concerned, does not indicate that the same was for her support any more than he desired to augment her inheritance from the estate.

A typical spendthrift trust is that treated in the case of *Jorgensen v. Pioneer Trust Co.,* supra, and a support trust is one created in the will involved in *Lent v. Title & Trust Co.,* supra.

It is inconceivable to us that the testator, an attorney of high standing in the Oregon bar, intended that his widow should be deprived, under the circumstances and exigencies of this case, of the full enjoyment of the trust fund, and that the same should at her death devolve to unknown or unthought of heirs.

The decree will be reversed with instructions to terminate the trust and pay the proceeds therefrom to Edith F. Nichols, after deducting costs and disbursements in both courts.