WABASH VALLEY TRUST COMPANY AS TRUSTEE *v.* IN THE MATTER OF THE TRUSTEESHIP CREATED BY THE WILL OF ALISON BELL, DECEASED, WABASH VALLEY BANK AND TRUST COMPANY, TRUSTEE ET AL.

[No. 1269A243. Filed October 13, 1970. Rehearing denied November 17, 1970. Transfer denied April 2, 1971.]

---

1. Formerly Rule 2-17, Rules of the Supreme Court of Indiana, now Indiana Rules of Procedure, Rule AP. 8.3.

*Russell J. Wildman,* of Peru, for appellant.

*Robert S. Justice,* of Logansport, for appellees.

PFAFF, J.—The Wabash Valley Bank and Trust Company of Peru, Indiana (formerly Wabash Valley Trust Company of Peru, Indiana), trustee under the last will of Alison Bell, deceased, initiated this appeal by reason of the fact that said trustee believes that the decision of the Miami Circuit Court terminating the testamentary trust of one Alison Bell, deceased, was contrary to law.

Alison Bell died testate a resident of Miami County, Indiana, in 1952. By the terms of the testator's last will appellant-trustee was the recipient of all of Alison Bell's real and personal property and said property was to be held in trust for the benefit of three lifetime trust beneficiaries: Cora E. Bell, the testator's wife, Mazie Bell, the testator's daughter, and Mabel Burkholder, the testator's secretary. The trust was to terminate upon the death of the last sur-

viving lifetime beneficiary. Upon termination, all trust property was to pass to the "heirs of the body" of the testator's daughter, or, if she died without "heirs of the body", all trust property was to pass to nephews and nieces of the testator, share and share alike, with surviving children of deceased nephews and nieces to take the share of their respective parents per stirpes. The dispositive provision creating the testamentary trust states in its entirety as follows:

"Item Two: I hereby will, devise and bequeath my entire estate, real and personal, and wherever situated, to the Wabash Valley Trust Company of Peru, Indiana, to be held by them in trust for the following purposes, to-wit: They shall manage, operate and control said entire trust estate during the life of said trust, and the net proceeds, or earnings from said trust estate shall be paid by them as follows: Two hundred fifty dollars per year to Mabel Burkholder, so long as she lives, one-third of the balance of said net earnings to my wife, Cora E. Bell, and the remaining two-thirds of said net earnings to my daughter Mazie Bell, said amounts to be paid them during their life times. In the event my wife dies before the death of my daughter, then the third of said earnings bequeathed to my said wife shall be paid to my said daughter, and in the event my said daughter dies before my said wife, then the amount devised to my said daughter shall be paid to my said wife during her life time. *Said trust shall terminate with the death of the survivor of said Mabel Burkholder, my said wife and my said daughter.* If, in the opinion of said Trustee, it shall become necessary to use a part of the principal of said trust assets to properly care for, support and maintain my said wife and daughter, they are hereby vested with full power and authority to use so much of the principal of said trust assets for such purposes, as they deem proper. They shall provide my said wife and daughter with proper burials, monuments, medical and hospital attention and maintain them in accordance with their station in life. I hereby will, devise and bequeath my entire estate, real and personal, subject only to the provisions of the trust created by this item of my will, to the heirs of the body of my daughter, Mazie Bell, if any, and if none, then to my nephews and nieces, share and share alike, and should any of my said nephews and nieces be dead, leaving the children them surviving, such children shall take the share of their parents." (Emphasis supplied)

The will contained no other dispositive provisions. After the testator's death, his widow and trust beneficiary, Cora E. Bell, elected to take against the will of the deceased and received her statutory share of her husband's property. The testator's daughter and beneficiary of the testamentary trust, Mazie Bell, died unmarried and without children, and until the time of her death received income payments in accordance with the terms of the testamentary trust. Mabel Burkholder, the third trust beneficiary and former secretary of the deceased, Alison Bell, is still living and received her annual annuity of $250.00 from the date of the testator's death until April 1966.

On April 19, 1966, Mabel Burkholder, the sole living trust beneficiary, assigned her lifetime right to the annual annuity of $250.00 in trust income to Hallmon Bell, petitioner-appellee and a nephew of the testator, for the sum of $3,000.00. Petitioner-appellee Hallmon Bell then joined with Charles A. Bell, a nephew of the testator, and Estie Bell, a niece of the testator, and petitioned the Miami Circuit Court for an order terminating the testamentary trust of Alison Bell. Various children of deceased nieces and nephews of the testator also joined in the petition as did Mabel Burkholder. A niece of the testator, Mary Lutz, and various other children of deceased nieces and nephews of the testator joined with the Wabash Valley Bank and Trust Company as parties-defendant in opposing the termination of the trust. In this appeal, however, the Wabash Valley Bank and Trust Company of Peru, Indiana, is the sole appellant and all remaindermen have joined with the original petitioners as appellees.

At the date of termination of the trust on August 15, 1969, the value of the trust assets was $104,666.07.

Appellees' petition and the Miami Circuit Court's subsequent order of termination were based upon the fact that the assignment by the life beneficiary, Mabel Burkholder, extinguished any further obligation of the trustee to said

beneficiary; that continuation of the testamentary trust would serve no useful purpose in view of the fact that the testator's four surviving nieces and nephews were advanced in age and impaired in health; that the purposes for which the trust was created were fully accomplished; that no further beneficial purpose existed for continuation of the trust; and that if the trust were continued the remaining nephews and nieces might have been deprived of the benefits of their remainder interest, thereby defeating the purpose of the settlor as to them.

In seeking a reversal of the judgment of the Miami Circuit Court, the appellant contends that the language of Item Two of the testator's will, i.e., "[s]aid trust shall terminate with the death of the survivor of said Mabel Burkholder, my said wife and my said daughter," is controlling and explicit evidence that the testator intended that the testamentary trust be terminated on the date of death of the last surviving life-time beneficiary. Further, the appellant argues that the court's decision terminating the testamentary trust prior to the death of the last surviving lifetime beneficiary, on the undisputed facts of this case, is contrary to the intent of the testator as expressed in his will, and the decision is therefore contrary to law and not sustained by sufficient evidence.

Appellant has specifically referred this court to the applicable Indiana law pertaining to the construction of wills. In short, it is argued that the intent of the testator as to when the testamentary trust should terminate can be clearly ascertained from the face of the testator's will and that the trial court was in error in terminating the testamentary trust prior to the time clearly prescribed by the testator in his will.

Notwithstanding the appellant's argument and its correct interpretation of the law of this jurisdiction pertinent to the construction of wills, we believe that the trial court was correct in its determination that the testamentary trust should terminate. We premise our decision on the following

statement found in Bogert, *Trust & Trustees,* 2nd Ed., § 1003, pp. 517-520:

> "In a number of cases where the interests of equitable life cestui and legal or equitable remainderman have become vested in the same person by conveyance or operation of law, after the trust began, the courts have decreed that the trust was ended or terminable; but in other cases, where some useful purpose was deemed to be capable of accomplishment by the continuance of the trust, the courts have refused to regard the single ownership of the two items of property as fatal to the trust."
> See generally: *Brooks* v. *Davis* (1913), 82 N.J. Eq. 118, 88 A. 178; *Rowley* v. *American Trust Co.* (1926), 144 Va. 375, 132 S.E. 347; *Gillogly* v. *Campbell* (1936), 52 Ohio App. 43, 2 N. E. 2d 620; *Nichols* v. *First Nat. Bank of Baker* (1953), 199 Or. 659, 264 P. 2d 451; *In re Bonham's Estate* (1958), 393 Pa. 355, 143 A. 2d 50.

In the instant case, Mabel Burkholder, prior to the date she assigned her lifetime interest in an annual annuity of $250.00 to the remainderman-appellee, Hallmon Bell, was the last surviving of three lifetime trust beneficiaries named by the testator in his will. As such, Mabel Burkholder was receiving an annual annuity in the amount of $250.00 from the trustee as prescribed by the will and testamentary trust contained therein. Mabel Burkholder was therefore the equitable owner of her annual annuity which was to be paid to her until her death. As equitable owner and trust beneficiary she was legally able to sell or transfer her equitable interest in her annuity and she did so transfer said interest to the remainderman-appellee, Hallmon Bell, in consideration of the sum of $3,000.00. At the time of the assignment of the annuity, the remaindermen held a vested legal interest in the remaining estate assets and the transfer to the remainderman constituted a merger of the equitable interest in the annuity held by Mabel Burkholder and the legal remainder interest in the estate assets held by the remaindermen.

Not only did the assignment by Mabel Burkholder cause, by operation of law, a merger of the outstanding equitable

and legal interests, but at the time of the transfer there remained no useful or beneficial purpose to be accomplished by continuation of the trust. The undisputed facts show that Mabel Burkholder received fair and adequate consideration for the assignment of her life interest in the annuity and that the transfer was made with full disclosure and free of any fact tending to render it suspect. The testamentary trust was principally intended to provide lifetime support to the testator's wife and daughter, with provision made for the annual Mabel Burkholder annuity. Subsequent to the termination of the three lifetime trust estates, the testator specifically devised all of his property to the children of his daughter, but if she died without children, the testator's nieces and nephews and children of deceased nieces and nephews were to take the decedent's property. It is our opinion that the assignment for fair consideration and the subsequent termination of the trust so as to divide the trust and estate assets among the remaindermen is consonant with the explicit intention of the testator and does not in any way frustrate his testamentary design as expressed by his last will.

In fact, continuation of the trust would have operated to defeat the intent of the testator as evidenced by his will in that the remaindermen would have been deprived of the interest devised to them. Further, continuation of the trust, on the facts here in evidence, would serve no useful purpose.

In affirming the judgment of the trial court, we believe it essential to state that a merger of the equitable life interest of the trust beneficiary and the legal or equitable interest of a remainderman in the same person will not be a sufficient basis for termination of a testamentary trust unless the following facts can also be established:

(1) That continuation of the trust would serve no useful purpose or would frustrate the intent of the testator as expressed in his will; and

(2) That the purposes for which the trust was created have been fully accomplished.

Having examined the record in this cause, and having found, in addition to a merger of equitable and legal interests in the remaindermen, evidence satisfying the above-stated requirements, we affirm the judgment of the Miami Circuit Court.

Judgment affirmed.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 665.