HALLMON BELL, CHARLES A. BELL, ESTIE BELL, HERBERT BELL, MYRTLE MOON, MABEL GUENTHER, WARREN B. SWAFFORD, MARGARET BELL, SHIRLEY WILCOX, RICHARD BELL, MILTON BELL, BARBARA CRISWELL, EVERETT BELL, BETTY WIKEL, PHYLLIS HILDREDTH, JOSEPHINE WEAVER, MARY B. BRYAN, RUBY DREYER, MAYME COTTERMAN, KEN W. TAYLOR, BERTHA BELL, WILLIAM F. BELL, MARTHA J. CURTIS, BARBARA A. MONAGHAN AND MABEL BURKHOLDER v. WABASH VALLEY TRUST COMPANY, AS TRUSTEE UNDER THE WILL OF ALISON BELL, DECEASED: MARY LUTZ, UTHA BONHAM, ROSS K. LUTZ, MILDRED B. BASTIAN, MURIEL ALLEN, LOUISE KELLY, THELMA RICHCREEK AND CAROLYN HUMPHREYS.

[No. 2-173A7. Filed June 25, 1973.]

Robert S. Justice, of Logansport, for appellants.

Russel J. Wildman, of Peru, John M. Baumunk, of Brazil, for appellees.

CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by petitioners-appellants Hallmon Bell (Bell) and certain beneficiaries from denial of their Petition For Partial Distribution of funds from a terminated testamentary trust (the Trust), some of the beneficial interests of which have been subject to a court order for attorney's fees, which order is also on appeal, but not a part of this case.

We dismiss the appeal, sua sponte, because it is from neither an appealable interlocutory order nor a final judgment.

FACTS

The essential facts and background of this case are not included in the transcript presented in this case. However, from two prior opinions of this court[1] concerning related disputes between these same parties, and the briefs, we glean these facts:

In 1970 a testamentary trust established by the will of Alison Bell (the Decedent) was terminated as the result of an action (the Termination Suit) brought in 1967 by Bell and some,

---

1. Bell v. Wabash Valley Trust Co. (1972), 154 Ind. App. 575, 290 N.E.2d 454; Wabash Valley Trust Co. v. Will of Bell (1970), 147 Ind. App. 549, 262 N.E.2d 665.

but not all, of the Decedent's surviving nieces and nephews. They also join with Bell as petitioners-appellants herein and are referred to as the Joining Beneficiaries. See *Wabash Valley Trust Co.* v. *Will of Bell* (1970), 147 Ind. App. 549, 262 N.E.2d 665.

After final disposition of the Termination Suit, the attorney representing Bell and the Joining Beneficiaries sought to impose a lien for attorney's fees for services rendered in the Termination Suit on one-third of the value of the beneficial interests of *all* nieces and nephews. Those nephews and nieces not joining in the Termination Suit (the Non-Joining Beneficiaries) are respondents-appellees with Wabash in this appeal.

The trial court ordered Wabash Valley Trust Company (Wabash) as trustee of the Trust to recognize the lien only as to the interests of the Joining Beneficiaries and not the Non-Joining Beneficiaries.

Bell and the Joining Beneficiaries then appealed hoping to extend the attorney's lien to the interests of *all* nieces and nephews. Unfortunately a praecipe was not filed within the thirty days required by Rule AP. 2(A) and this court dismissed the appeal in the case of *Bell* v. *Wabash Valley Trust Co.* (1972), 154 Ind. App. 575, 290 N.E.2d 454. A Petition To Transfer is pending.[2]

Meanwhile, on May 30, 1972, after the Motion To Correct Errors in the attorney's lien dispute was overruled, Bell and the Joining Beneficiaries filed a Petition For Partial Distribution of *all* of the Trust funds, excepting therefrom one-third of the interests of each of the Non-Joining Beneficiaries, which amounts were to be withheld pending the outcome of the Petition To Transfer the appeal in *Bell* v. *Wabash Valley Trust Co., supra.*

---

2. Since the opinion in this case was written the Indiana Supreme Court denied transfer in *Bell* v. *Wabash Valley Trust Co.* (1972), 154 Ind. App. 575, 290 N.E.2d 454, which denial of transfer in no way affects our decision to dismiss the appeal in this case.

The trial court denied the Petition For Partial Distribution on August 17, 1972, on the basis that the potential additional attorney's fees and court costs which might result from the pending appeal of the attorney's lien dispute in *Bell* v. *Wabash Valley Trust Co., supra,* could create a premature and unfair distribution which would operate to the benefit of the Joining Beneficiaries at the expense of the Non-Joining Beneficiaries. At the time the trial court denied the Petition For Partial Distribution, it could not divine that the appeal in the attorney's fee lien dispute would be dismissed in December of 1972 for procedural errors or the amount of the costs and expenses of that litigation.

The Motion To Correct Errors in this case was filed on October 4, 1972, and denied on October 10, 1972.

## ISSUE

We deem the only issue to be:

> Was the order entered by the trial court denying the Petition For Partial Distribution an appealable interlocutory order?

Because we raise this issue sua sponte[3] there is no assistance for us in the briefs of the parties which only concern themselves with the propriety of the trial court's denial of the Petition For Partial Distribution.

Briefly, the contention is that the trial court should have decreed partial distribution of the Trust funds for the reason that the only portion of the Trust funds affected by the attorney's lien dispute is one-third of the Non-Joining Beneficiaries' shares. The Joining Beneficiaries have acknowledged their liability for attorney's fees arising from the Termination Suit and therefore there is no valid reason to withhold distribution of those shares which are not affected by the attorney's lien dispute.

---

3. "A court may dismiss appeals upon its own motion when it discovers through its own efforts that it does not have jurisdiction of the case; . . . ." 1 Bobbitt, *Indiana Appellate Practice and Procedure* 539 (1972), and cases cited at footnote 50.

Wabash replies that an order of partial distribution of the Trust funds is within the discretion of the trial court and may only be reviewed for an abuse of discretion and none is shown.

## DECISION

CONCLUSION—It is our opinion that the order of the trial court denying the Petition For Partial Distribution from the Trust was not an appealable interlocutory order.

In attempting to appeal from an interlocutory order denying partial distribution from a terminated trust, Bell and the Joining Beneficiaries would partake of forbidden fruit.

Their appeal is neither from a final judgment putting to rest all of the issues as to all of the parties, nor does it fall within Rule AP. 4(B) allowing appeals from interlocutory orders in certain cases.

A final appealable judgment was recently defined by our Supreme Court in *Thompson* v. *Thompson* (1972), 259 Ind. 266, 269, 286 N.E.2d 657, 659;

> "As a general rule, a final judgment which is appealable is *one which disposes of all of the issues as to all of the parties and puts an end to the particular case.* [Citations omitted.] A final judgment reserves no further question or direction for future determination. [Citations omitted.] The purpose of the final judgment rule is to prevent delay in the trial of lawsuits which would result from limitless intermediate appeals. [Citations omitted.]" (Emphasis supplied.)

Appeals from interlocutory orders are not allowed unless specific authority is granted by the Indiana Constitution, Statutes, or Rules of Court. *Anthrop* v. *Tippecanoe School Corporation* (1972), 257 Ind. 578, 277 N.E.2d 169; *State ex rel. Sanders* v. *Circuit Court* (1962), 243 Ind. 343, 182 N.E.2d 781; *Neal* v. *Hamilton Circuit Court* (1967), 248 Ind. 130, 224 N.E.2d 55; *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N.E.2d 243; 1 Bobbitt, *Indiana Appellate Practice and Procedure* 364, 380 (1972).

In *Anthrop* v. *Tippecanoe School Corporation, supra* at 581, 277 N.E.2d at 171, Justice Hunter stated the general rule:

"Under former rules of this Court, an appeal to any appellate tribunal could be taken only from a final judgment or where expressly authorized by statute. *State ex rel. Sanders* v. *Circuit Court, etc.* (1962), 243 Ind. 343, 182 N.E.2d 781. Such is still true, except that at present, it is the Constitution, supplemented by the rules of this Court which defines the appellate jurisdiction of this Court.

"*An appeal from an interlocutory order lies only when expressly authorized, and the authorization is to be strictly construed.* Any attempt to perfect such an appeal where there is no authorization warrants a dismissal. *Seaney* v. *Ayres* (1958), 238 Ind. 493, 151 N.E.2d 295, and *Chapman* v. *Chapman* (1953), 231 Ind. 556, 109 N.E.2d 724." (Emphasis supplied.)

The trial court's denial of the Petition For Partial Distribution did not determine the issue as to the right of each of the beneficiaries to receive their respective interests of the Trust—the Termination Suit resolved that issue. Bell and the Joining Beneficiaries will ultimately receive distribution of their shares from the terminated Trust when final distribution is made. The only effect of the denial of this Petition was to temporarily delay ultimate distribution pending the outcome of the appeal in the attorney's fee lien dispute so that a final judgment could be entered ordering distribution and approving a final accounting.

So denial of the Petition For Partial Distribution was not a final judgment.

Rule AP. 4(B) is the only source from which litigants may derive authority to appeal an interlocutory order. This Rule provides:

"(B)   In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) *For the payment of money* or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action; (emphasis supplied)

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court."

Rule AP. 4(B), incidentally, is virtually identical to the statutory source which it superseded, *i.e.,* Ind. Ann. Stat. § 2-3218 (Burns 1968), and therefore cases requiring strict construction of § 2-3218 are good precedent and should be followed. *Natcher* v. *Natcher* (1899), 153 Ind. 368, 55 N.E. 86; *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505, 79 N.E. 492; *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N.E. 785.

Denial of the Petition For Partial Distribution fits, if at all, under subsection (1) of Rule AP. 4(B) authorizing appeals from interlocutory orders "for the payment of money. . . ."

Through the years cases have defined what constitutes the payment of money for purposes of an appealable interlocutory order. *Brown* v. *Brown* (1945), 223 Ind. 463, 61 N.E.2d 645 (order directing husband to pay wife's support and attorney's fees pending annulment proceedings); *McKnight* v. *Knisely* (1865), 25 Ind. 336 (order directing payment of money into court in a proceeding supplementary to execution); *Rost* v. *International Electric Co.* (1925), 201 Ind. 568, 146 N.E. 821 (order directing payment of money in settlement of receivership); *Cook* v. *Citizens National Bank* (1881), 73 Ind. 256 (order to pay money into court to be held by a receiver); *Pounds* v. *Chatham* (1884), 96 Ind. 342 (order in Proceedings Supplementary requiring third party garnishee to pay judgment creditor money owed by garnishee to judgment debtor); *Haag* v. *Haag, supra* (order for payment of

money for support and attorney's fees pendente lite in divorce action).

Our research discloses no cases authorizing an appeal from an interlocutory order under the guise of "the payment of money" when the effect of the interlocutory order is ■ to *deny* the payment of money. Furthermore, Rule AP. 4(B)(1) is unambiguous. It contemplates appeal from an interlocutory order requiring "the payment of money." Giving these words their ordinary meaning, they obviously exclude the *denial* of the payment of money. Strict construction is not necessary to reach this conclusion. Denial of the Petition For Partial Distribution was not an appealable interlocutory order pursuant to Rule AP. 4(B).

Therefore, this appeal (being the third appeal involving this Trust) is dismissed with costs taxed *solely* against Bell and the Joining Beneficiaries as appellants.

White and Sullivan, JJ., concur.

NOTE.—Reported at 297 N.E.2d 924.