Keith **BRUNER**, Marvin B. Archer, James Barley, Carolyn Carter, Marie Davis, Charles E. Evans, James F. Foster, Richard Jones, Leslie F. Mellott, Jack Rees, and Michael A. Wise, Appellants (Plaintiffs Below),

v.

**FIDELITY NATIONAL LIFE INSURANCE COMPANY, American Financial Corporation, and Donald Schrader, Appellees (Defendants Below).**

No. 4–782A176.

Court of Appeals of Indiana, Fourth District.

Jan. 20, 1983.

Rehearing Denied Feb. 24, 1983.

Charles S. Gleason, Charles Thomas Gleason, Gleason, Hay & Gleason, Indianapolis, for appellants.

Alan H. Lobley, Ice Miller, Donadio & Ryan, Indianapolis, for appellees.

YOUNG, Presiding Judge.

Appellants-plaintiffs Keith Bruner *et al.* appeal from the grant of summary judgment for appellees-defendants Fidelity National Life Insurance Co., American Financial Corp. and Donald Schrader. Appeal dismissed.

Summary judgment was granted for defendants on January 6, 1982. The Motion to Correct Errors was filed on March 5, 1982 and overruled on March 11, 1982. Plaintiffs filed their praecipe on April 14, 1982 or 34 days after the ruling on their Motion to Correct Errors. Appellate Rule 2(A) requires the praecipe to be filed within 30 days of the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. Appellants-plaintiffs have forfeited their appeal by their failure to comply with A.R. 2(A) and their appeal is therefore dismissed. *State v. Lipp,* (1980) Ind.App., 404 N.E.2d 64.

Apparently realizing that the appeal would be dismissed because of the untimely filing of the praecipe, appellants-plaintiffs petition this court for an order either directing the clerk of the trial court to amend the record to reflect the ruling on the Motion to Correct Errors as March 15, 1982 or directing that this appeal be decided on the merits. Appellant provided with that petition the minutes of the trial court showing the Motion to Correct Errors was overruled on March 11, 1982. The date of the ruling cannot be changed by order of this court. Also, we cannot direct an appeal which has been forfeited to be decided on the merits. *See In re Estate of Moore,* (1973) 155 Ind.App. 92, 291 N.E.2d 566; *Bell v. Wabash Valley Trust Co.,* (1972) 154 Ind. App. 575, 290 N.E.2d 454.

The remainder of appellants' motion is directed to 1) the need for coordination between the filing of a praecipe under A.R. 2(A) requesting the transcript and an order under A.R. 2(C)(2) designating what parts of the record and transcript are to be transmitted; and 2) failure of the trial court clerk to immediately and properly notify appellants of the ruling. First, coordination of the appellate rules is beyond the jurisdiction of this court. A.R. 4. Second, T.R. 72(D) requires the clerk to give notice of rulings by the court. However, the rule also provides that lack of notice does not affect the time to appeal. Notice of the ruling on the Motion to Correct Errors was given. The notice only stated the ruling; no date of ruling was mentioned. Appellant mistakenly relied upon the postmark as the date the Motion to Correct Errors was denied. Unfortunately, it was not the date of the ruling and should not have been relied upon as the date of the ruling. A postmark does not reflect the date of deposit in the mail, but reflects only the date the postage affixed to the mail was cancelled.

Dismissed.

MILLER and CONOVER, JJ., concur.