PATRICK BRENNAN *v.* THE NATIONAL BANK AND TRUST COMPANY OF SOUTH BEND ET AL.

[No. 3-872A54. Filed November 6, 1972. Rehearing denied December 15, 1972.]

*Isadore D. Rosen,* of South Bend, for defendant-appellant.

*Edward V. Minczeski,* of South Bend, *Richard J. McDonald,* of South Bend, for appellees.

PER CURIAM—This cause is pending before the Court on the appellees' Motion to Dismiss Appeal, Brief in Support, and the appellant's Brief in Opposition to appellees' Motion. The appellees' motion alleges as cause therefor that more than thirty days elapsed between the overruling of the motion to correct errors and the filing of the praecipe, and cites as authority for the motion, Appellate Rule 2(A) as amended November 30, 1971, effective as to all appeals where the motion to correct errors is filed on or after April 1, 1972, and which reads as follows:

> "(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, *and that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited.* A copy of such praecipe shall be served promptly on the opposing parties. [Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.]" (Our emphasis.)

The appellant alleges, in response to the motion to dismiss, that Rule 2(A) as amended was not duly amended in compliance with Trial Rule 80, that the rule is inconsistent with Rule 3 and Rule 14(B), and that it is inconsistent with the spirit of the Rules of Appellate Procedure.

The appellant further alleges that the purpose of AP. 2 (A) is to insure that appeals shall be submitted within ninety days from the ruling on the motion to correct errors, that this appeal was submitted within ninety days with no extensions of time being requested, and therefore appellant should not be penalized merely because the praecipe was not filed within thirty days after the overruling of the motion to correct errors.

We appreciate the appellant's position, but we must recognize that the rules of the Supreme Court are binding on the courts and litigants alike. This Court must take the rules as we find them and enforce their provisions as we understand them to be. We understand the requirement of Rule 2 (A) that the "praecipe shall be filed within thirty days after the court's ruling on the motion to correct errors or the right to appeal will be forfeited," to be mandatory.

If the Supreme Court, upon reflection, is of the opinion that the application of this rule is too harsh, particularly in cases such as this one, where the appeal was submitted within ninety days, the Supreme Court has the power to modify or amend its rule. This Court has no such power.

The appellees' Motion to Dismiss Appeal is sustained and this cause is dismissed.

NOTE.—Reported in 288 N. E. 2d 573.