HALLMON BELL, CHARLES A. BELL, ESTIE BELL, HERBERT BELL, MYRTLE MOON, MABEL GUENTHER, WARREN B. SWAFFORD, MARGARET BELL, SHIRLEY WILCOX, RICHARD BELL, MILTON BELL, BARBARA CRISWELL, EVERETT BELL, BETTY WIKEL, PHYLLIS HILDREDTH, JOSEPHINE WEAVER, MARY B. BRYAN, RUBY DREYER, MAYME COTTERMAN, KEN W. TAYLOR, BERTHA BELL, WM. F. BELL, MARTHA J. CURTIS, BARBARA A. MONAGHAN AND MABEL BURKHOLDER v. WABASH VALLEY TRUST COMPANY, AS TRUSTEE UNDER THE WILL OF ALISON BELL, DECEASED; MARY LUTZ, UTHA BONHAM, ROSS K. LUTZ, MILDRED B. BASTIAN, MURIEL ALLEN, LOUISE KELLY, THELMA RICHCREEK AND CAROLYN HUMPHREYS.

[No. 2-872A46. Filed December 20, 1972. Rehearing denied January 26, 1973. Transfer denied June 8, 1973.]

*Robert S. Justice,* of Logansport, for appellant.

*Russel J. Wildman,* of Peru, *John M. Baumunk,* of Brazil, *Patrick J. Roberts, Cole, Haig & Roberts,* of Peru, for appellees.

### On Appellees' Motion to Dismiss and Forfeit Appeal

Per Curiam.—This cause is pending before the Court on the appellees' Motion to Dismiss and Forfeit Appeal, appel-

lants' Brief Opposing appellees' Motion, Affidavit in Support of Appellants' Response, and appellees' Brief in Response to Appellants' Brief Opposing Appellees' Motion to Dismiss.

The appellees' Motion alleges as cause therefor that the appellants did not file any praecipe with the clerk of the trial court within thirty days after the court's ruling on the motion to correct errors. We have examined the record and find appellees' contention to be correct, as the motion to correct errors was overruled on May 24, 1972, but the praecipe was not filed until August 18, 1972, eighty-six days after the ruling on the motion to correct errors. The record of the proceedings was also filed on August 18 with the Clerk of this Court without any request for extension of time having been requested or granted.

Appellants make two arguments in response to appellees' motion. The first is that the record of the proceedings and appellants' brief were prematurely filed because the judgment being appealed involved multiple claims and multiple parties, and the court did not make an express determination that there was no just reason for delay and expressly direct the entry of judgment on less than all of the claims, all as required by Trial Rule 54(B), therefore the trial court's judgment which is the subject of this appeal was not a final, appealable judgment.

Appellants' second argument is that the litigation of which this appeal is a part began in 1967, and to apply Rule AP. 2 as amended effective April 1, 1972, deprives petitioners of two months time they would have had under the rules in the older form and works an injustice by depriving petitioners of their appeal. Appellants further argue that while appellees' claim that appellants have forfeited their right to appeal by not filing a praecipe within thirty days after the ruling of the motion to correct errors, that forfeitures are not favored by the courts, and will be avoided if possible.

Appellees' Response is twofold: First, appellees assert that

the judgment being appealed was final and disposed of all claims and parties, and secondly, that rule AP. 2 was amended November 30, 1971, effective April 1, 1972, which gave appellants six months to become acquainted with the rule, and that it is the duty of this Court to enforce the rules.

The record of the proceedings herein reveals that this cause was originally initiated as an action to terminate a certain trust, which resulted in an appeal to the Appellate Court with transfer to the Supreme Court denied. The current appeal now before us was submitted and tried in the trial court on the trustee's amended and supplemental final reports and objections thereto. After trial, the court entered its judgment on March 10, 1972, sustaining the objections in part and ordered the trustee to amend its final report. Appellants thereafter filed their motion to correct errors which was granted in part and overruled in part, and this appeal followed.

A judgment rendered by a court on a trustee's statement is, subject to the right of appeal, final, conclusive and binding upon all parties to the action who are subject to the jurisdiction of the court. Ind. Ann. Stat. § 31-1715 (1972 Supp.) [IC 30-4-5-15.] The appellants were parties, who had submitted to the jurisdiction of the court, and their objections to the trustee's final reports were a part of the matter in controversy decided by the court.

Appellants argue that after their motion to correct errors had been ruled upon, they petitioned the court for a partial distribution of that portion of the trust fund not affected by the present controversy, which petition was overruled, and that they thereafter filed a motion to correct errors directed to the order denying partial distribution. They therefore contend that because of the litigation concerning their petition for distribution that "this is a cause involving multiple claims" and Trial Rule 54(B) applies which provides that a trial court may direct entry of judgment as to fewer

than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment, and that because the trial court made no such entry, the judgment on the Trustee's final reports and the objections thereto was not a final judgment and will not be final until a ruling on the motion to correct errors in the decision on the second claim for partial distribution. Appellants then assert that this appeal was prematurely filed and ask us to suspend consideration of this appeal until the appeal on the denial of partial distribution is perfected.

While we appreciate the appellants' desire to extricate themselves from the penalty imposed by Rule AP. 2(A) for failure to file a praecipe within thirty days after the ruling on the motion to correct errors, we are not persuaded that there were any multiple claims as contemplated by TR. 54(B) left undecided by the court's judgment on the Trustee's final reports. The matter of petition for partial distribution from "that portion of the fund not affected by this controversy" is a separate matter, not affected by the court's judgment on the Trustee's final report. The judgment on the Trustee's final report was a final judgment, and appellants properly filed their motion to correct errors directed to that judgment as the first step in this appeal.

Turning now to appellants' second contention, they argue that to enforce Rule AP. 2(A) would work injustice and deprive petitioners of two months' time they would have had under the rules in the older form.

We appreciate appellants' position, but the rules of the Supreme Court are binding on this Court as well as on the litigants. This Court cannot change the rules nor circumvent the rules but must be bound by them and enforce them. We understand the requirement of Rule AP. 2(A) that the "praecipe shall be filed within thirty (30) days after the court's ruling on the motion to

correct errors or the right to appeal will be forfeited" to be mandatory. As we stated in *Brennan* v. *The National Bank and Trust Company of South Bend, et al.*, (1972), 153 Ind. App. 628, 288 N.E.2d 573, if the Supreme Court is of the opinion that this rule is too harsh, it alone has the power to modify the rule. This Court has no such power.

The Appellees' Motion to Dismiss Appeal is sustained, and this cause is dismissed.

NOTE.—Reported at 290 N.E.2d 454.