IN THE MATTER OF THE ESTATE OF ORPHA MYRTLE SHAFFER MOORE, DECEASED, THE FARMERS BANK, FRANKFORT, INDIANA, EXECUTOR v. ROBERT J. MOORE.

[No. 2-972A58. Filed January 22, 1973.]

*Roger F. Miller, Robison, Robison & Miller,* of Frankfort, for appellant.

*Leon H. Hardesty, Campbell & Hardesty, Power & Little,* of Frankfort, for appellee.

PER CURIAM—This matter is before the Court on the Appellee's Motion to Dismiss Appeal or Affirm Judgment, and the Appellant's Motion to Strike Appellee's Motion to Dismiss Appeal or in the Alternative to Affirm Trial Court's Ruling Correcting Record Showing Praecipe filed as of July 5, 1972.

The Motion to Dismiss alleges that the praecipe was not timely filed as required by rule AP. 2(A).

The record of the proceedings herein reveals that the motion to correct errors was filed in the trial court on May 4, 1972, and overruled on June 28, 1972. The praecipe was filed on July 31, 1972, as evidenced by the order book entry and by the trial court clerk's file stamp. Thereafter the appellee filed his motion to strike notice of appeal and praecipe, alleging that the praecipe was not timely filed. The appellant then filed its motion to correct record, nunc pro tunc, alleging that on July 5, 1972, counsel for the executor requested of

the court reporter that the transcript of the proceedings be prepared, the pleadings be certified for the Appellate Court and that the praecipe be prepared. The motion to correct record nunc pro tunc was accompanied by the affidavit of the court reporter stating that counsel for appellant approached her in open court and requested of her preparation of court transcript, certification of the pleadings and record for filing with the Court of Appeals, and preparation of the praecipe, including the items for appeal.

Thereafter the court heard argument on the appellee's motion to strike notice of appeal and praecipe, and the appellant's motion to correct record nunc pro tunc, and entered its order directing the record to be corrected to show the praecipe filed on July 5, the date of the oral request to the reporter. Because of the importance of the question presented, we set out the trial court's order in full, as follows:

> "Come now the parties by counsel for hearing upon Motions pending herein concerning failure of record to reveal the filing of precipe (sic) pursuant to Appellate Rule 2A as amended effective on and after April 1, 1972.
>
> "Argument is heard and the Motions and Affidavit filed with reference thereto are considered.
>
> "The Court now finds as follows:
>
> "1.  The record does not reveal a written Precipe (sic) filed within the thirty days set out by the rules.
>
> "2.  During consideration of Motions the Affidavits herein are examined and the Court finds that an oral request was made to the Court Reporter of this Court to prepare a transcript of the record herein of all testimony received in this cause.
>
> "3.  The Court notes that it has been alleged that a like oral request was made to the Clerk of this Court for the preparation of a transcript of the record of pleadings filed herein.
>
> "4.  The Court further finds that such oral request was acted upon by both the Court Reporter and the Clerk of this Court without formal entry upon the record.
>
> "5.  The Court further finds that through custom in this jurisdiction the Clerk of the Court has on occasions

used a form precipe for purpose of issuance of requested summons and other process issued by the Clerk. The Court further finds that such custom without the Court having formally issued a local Court rule to comply with Appellate Rule 2A as amended effective April 1, 1972, contributed to the absence form (sic) the record herein of a formal entry upon the record of the precipe orally requested by counsel for the executor herein.

"6. The Court now finds that the record herein should be corrected to note the filing of formal precipe initiating the appeal action of the attorney for the within estate, directed to the court's judgment entry of March 24, 1972, and the Court's ruling upon Motion to Correct Errors entered June 28, 1972.

"7. The Court does now, therefore, grant the Motion to Correct Record Nunc Pro Tunc as filed by counsel for the executor herein August 3, 1972, and the Court now rules, orders, and directs that the record herein be corrected to show Precipe heretofore tendered for filing July 31, 1972 to be shown as filed July 5, 1972."

## "MEMORANDUM

"The Court assumes the responsibility in this instance for failure to have published a proper local Court rule or having given notice of cessation of service voluntarily given by both the Clerk and Court Reporter in matters of this import heretofore.

"The Court recognizes that by local Court rule it cannot enlarge rules as established by the appellate court as exemplified by Appellate Court Rule 2A.

"However, in this instance the Court must recognize that representatives of the Court family may have by custom and practice assumed to perform service solely the responsibility of counsel for the parties. The record here indicates that the only detriment which has occurred may have been a delay of information to counsel for Robert J. Moore that an appeal was contemplated. There is no evidence in the record as to any notice being given to counsel. However, the record does indicate that there is sufficient time in which for counsel for Robert J. Moore and counsel for the executor to perfect the appeal assuming that the transcript of both of evidence and of the pleadings and exhibits is promptly delivered."

Appellate Rule 2(A) reads as follows:

(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties. (Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.)"

The rules of the Supreme Court are binding on the courts and the litigants as well. No court except the Supreme Court can amend, alter or change the rules. No inferior court or litigant can circumvent the rules and thereby avoid their application. Trial Rule 81 provides in part as follows:

"(A) Rules by local courts. Each local court may from time to time make and amend rules governing its practice not inconsistent with these rules. In all cases not provided for by rule the local court may regulate its practice in any manner not inconsistent with these rules."

An oral request to the court reporter to prepare the transcript does not comply with the requirement of the rule that an appeal is initiated by *filing* with the *Clerk* of the trial court a praecipe. The rule further requires that a *copy* of such praecipe shall be served promptly upon opposing parties. The rule clearly requires that the praecipe be a written document, that it be filed with the clerk, the custodian of matters filed in the court, and that a copy thereof be served on opposing counsel.

The appellant did not comply with rule AP. 2(A) by timely filing its praecipe with the clerk. Therefore, by operation of the rule, it has forfeited its right to appeal. The action of the trial judge in changing the record to show the praecipe filed twenty seven days earlier than it actually was filed, does not, in our opinion, reinstate the appellant's right to appeal.

The language employed by the Supreme Court in rule AP. 2.A to express its intent, in our opinion, leaves no room for speculation as to the meaning of the rule. "An appeal is *initiated* by filing with the clerk of the trial court a praecipe . . ." (our emphasis) Without a praecipe being filed with the clerk, no appeal is begun. ". . . said praecipe *shall* be filed within thirty (30) days after the court's ruling on the motion to correct errors, *or the right to appeal will be forfeited.*" (our emphasis) The language of this clause is mandatory, not permissive. Without a praecipe being filed with the clerk within the time prescribed by the rule, the would-be appellant in a civil case may not proceed. He has failed to initiate an appeal and his right to appeal has been forfeited.

It is argued that this rule should not be applied to cases such as this one in which the appeal was perfected by filing the record of the proceedings in this court within 90 days after the ruling on the motion to correct errors. Appellant further argues that the purpose of the rule was to facilitate the perfecting of appeals and to discourage the practice of waiting until the 89th day after the ruling on the motion to correct errors before filing the praecipe and then petitioning the appellate tribunal for an extension of time within which to perfect the appeal.

We believe that if the Supreme Court had intended an exception to the rule in such cases, the Court would have so provided. It did not so provide. We conclude, therefore, from the mandatory language of the rule, and the lack of a stated exception thereto, that the Supreme Court intended the rule to apply to every case.

The rule was amended November 30, 1971, effective in all cases in which the motion to correct errors is filed after April 1, 1972. The motion to correct errors was filed in this case on May 4, 1972, and therefore the rule applies.

We are bound to apply the rule as we understand it to be. Even though its application in a particular case may appear

to be harsh, we may not evade it. As we said in *Brennan* v. *National Bank and Trust Company of South Bend et al.* (1972), 153 Ind. App. 628, 288 N.E.2d 573, if the Supreme Court feels that the application of the rule in such cases seems too harsh, it alone has the power to change the rule. This Court has no such power. Accordingly, the Appellee's motion to dismiss is sustained, and this cause is dismissed.

Sullivan, J., dissents with opinion.

## DISSENTING OPINION

SULLIVAN, J.—Notwithstanding this writer's tacit concurrence in *Bell* v. *Wabash Valley Trust Co.* (1972), 154 Ind. App. 575, 290 N.E.2d 454, wherein an appeal was dismissed under similar circumstances, I do not concur here. In the interim, opportunity for reflection upon the purpose of AP. Rule 2(A) has compelled my change of procedural position.

As applied by the majority here, AP. Rule 2(A) is unduly harsh. In my view the Rule serves a legitimate purpose only insofar as it tends to expedite the appellate process. Its exclusive value is in its prevention of an appellant from procrastinating nearly to the end of the 90 day filing period provided by AP. 3(B) and then seeking an extension of time in order to request, at that late date, that a transcript be prepared. Application of the rule should be restricted to the implementation of that purpose.

In the matter before us, appellant's transcript was filed within the 90 day period required by AP. 3(B) and appellant's brief was timely filed pursuant to AP. 8.1(A). It should also be noted that the appellee filed his answer brief within 30 days thereafter as required.

Rule AP. 2(A) itself does not state that filing of the praecipe is truly jurisdictional. It merely says that failure to so file constitutes a forfeiture of the right of appeal. Unless,

therefore forfeiture is claimed timely, this court need not in all cases and sua sponte impose the penalties of such "forfeiture" upon an appellant. See *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538 at 542 and 545.

Appellant, I believe has good cause to argue that by filing his answer brief upon the merits, appellee has waived any such technical forfeiture on the part of appellant. See *Board of Tax Commissioners* v. *Stanley* (1952), 231 Ind. 338, 108 N.E.2d 624.

Be that as it may, and even if appellee has not waived the grounds for dismissal as asserted in his October 12, 1972 motion to dismiss, by the filing of his answer brief upon the merits, no delay has been occasioned by the very technical failure to reduce to writing appellant's timely request for the transcript and by the technical failure to make such request a formal matter of record. When the purposes of the rule are not frustrated the court need not visit the wrath of dismissal upon an otherwise diligent appellant who expedites the appeal. For purposes of facilitating the appellate process who is the friend and who is the culprit? On the one hand is the appellant who technically fails to timely praecipe in writing for a transcript but who nevertheless timely (within 90 days of the ruling on the Motion to Correct Error) files such record and who thereafter without extension of time files his brief. On the other hand is the appellant who though timely and within 30 days praecipes for the record but nevertheless seeks repeated extensions of time for the filing of such transcript and repeated petitions for time to file his brief. The question I believe is rhetorical.

I would overrule the appellee's alternative motion to dismiss or affirm, and would proceed to a determination of the appeal upon its merits.