JAMES E. SPENCER *v.* ROSEMARY MILLER.

[No. 2-273A32. Filed June 20, 1973. Rehearing dismissed July 19, 1973.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Robert W. Maher,* of Indianapolis, for appellee.

PER CURIAM.—This cause is pending before the Court on the appellee's Motion to Dismiss or Affirm, which alleges that the praecipe in this cause was not filed within thirty days after the trial court's ruling on the motion to correct errors.

An examination of the record reveals that the motion to correct errors was filed on November 10, 1972, and overruled on November 14, 1972. The praecipe was not filed until December 26, 1972.

Since the motion to correct errors was filed after April 1, 1972, Rule AP. 2 applies. Said rule provides as follows:

"An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited."

The Court in several recent cases has construed the rule to be mandatory. See: *Brennan* v. *National Bank & Trust Co.* (1972), 153 Ind. App. 628, 288 N.E.2d 573; *Bell, et al.* v. *Wabash Valley Trust Co.* (1972), 154 Ind. App. 575, 290 N.E.2d 454; *In re Est. of Moore* (1973), 155 Ind. App. 92, 291 N.E.2d 566; *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 293 N.E.2d 788. Therefore, in accordance with our understanding of the rule, the appellee's Motion to Dismiss is sustained and this cause is dismissed.

Sullivan, J., dissents with opinion.

## DISSENTING OPINION

SULLIVAN, J.—The chronology and sequence of the crucial procedural steps followed in this case are virtually identical to those in *Farmers Bank* v. *Moore* (1973), 155 Ind. App. 92, 291 N.E.2d 566, wherein I dissented from a dismissal of that appeal. I would here reiterate what was said in that dissent but would append thereto the observation that AP. Rule 14(B) seems to support my belief that AP. Rule 2(A) is not a jurisdictional rule in the sense that an otherwise timely appeal must be dismissed if the praecipe has not been requested within thirty (30) days of the ruling on a Motion to Correct Error.

AP. Rule 14(B) provides that no extension of time for the filing of a record of proceedings will be granted unless the praecipe has been filed within the period provided by AP. 2(A). If failure to timely file a praecipe constitutes irretrievable waiver of the right to appeal and is truly jurisdic-

tional, the provision of A.P. 14(B) is totally unnecessary and redundant. The clear implication of A.P. 14(B) is, at least in my view, that notwithstanding failure to file a praecipe for the record within thirty (30) days, and the appellate tribunal within its discretion permits it, an appeal may be considered upon a record of proceedings filed within ninety (90) days of the ruling upon the Motion to Correct Error. I would over-rule the Motion to Dismiss.

NOTE.—Reported at 297 N.E.2d 491.