FLOYD E. PITTS *v.* LAVON WOOLDRIDGE, JOHN MILLER, CHARLINE MILLER AND ALVIN HOLMES.

[No. 1-574A86. Filed September 3, 1974.]

*J. Lee McNeeley*, of Shelbyville, for appellant.

*William K. Byrum, Fulmer, Byrum & Gagnon*, of Indianapolis, for appellee Wooldridge, *Philip J. Badell, Badell & Malson*, of Rushville, for appellees Miller and Homes.

PER CURIAM—This cause is pending before the Court on the Motion of the Appellee Lavon Wooldridge to Dismiss Appeal or in the Alternative to Affirm Judgment. Said Motion alleges in substance that there has been no final judgment rendered, and that if the appeal is from an interlocutory order, the record of the proceedings was not timely filed.

Our examination of the record reveals that this is an attempted appeal from an order of the trial court denying appellant-defendant Pitts' motion for summary judgment. Pitts filed a motion to correct errors directed to this order which was subsequently overruled, and this appeal followed. We must agree with appellee that an order denying a motion for summary judgment is not a final judgment. Neither is it of the class of *appealable* interlocutory orders.

In Wright and Miller, *Federal Practice and Procedure*, Vol. 10, § 2715, p. 424, we find the following:

> "A denial of summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law; a trial therefore is necessary. As a result, the denial of a Rule 56 motion is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits."

The annotation continues on to indicate that occasionally an order falls within one of the narrow exceptions to the prohibition of piecemeal appeals and the court can certify an appeal. See cases cited at Footnote 72, p. 426.

Our rules make no provision for an appeal from an order denying a motion for summary judgment, either as an inter-

locutory order or as a final judgment. Rule TR. 56(E) provides in part:

> "Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered."

In Harvey, *Indiana Practice,* Vol. 3, p. 560, the author construes the above-quoted language from TR. 56(E) as follows:

> "This rule specifically states that a *denial* of summary judgment cannot be appealed directly, but must be challenged by a motion to correct errors."

While we differ with that interpretation of the rule, primarily because of the use of the permissive word "may" in the rule, as opposed to a mandatory word such as "must" or "shall", nonetheless we agree that an order denying a motion for summary judgment is not an appealable interlocutory order as defined by Supreme Court rule and opinion.

In the case of *Anthrop* v. *Tippecanoe School Corporation* (1972), 257 Ind. 578, 277 N.E.2d 169, our Supreme Court stated:

> "An appeal from an interlocutory order lies only when expressly authorized, and the authorization is to be strictly construed. Any attempt to perfect such an appeal where there is no authorization warrants a dismissal. *Seaney* v. *Ayres* (1958), 238 Ind. 493, 151 N.E.2d 295, and *Chapman* v. *Chapman* (1953), 231 Ind. 556, 109 N.E.2d 724."

In the case of *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, our Supreme Court, in defining an appealable interlocutory order, stated:

> "Of further moment here is the fact that, even if it were an interlocutory order and not a final judgment, the ruling of the trial court did not deal with a subject which would render the order an appealable interlocutory order as this court defines that term.
>
> "We refer to the provisions embodied in Acts of 1969, ch. 191, Sec. 1, Rule 72b, IC 1971, 34-5-1—Rule 72(b). As is provided there:

'(b)   Appeals from interlocutory orders.   An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1)   For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2)   For the delivery of the possession of real property or the sale thereof;

(3)   Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions;

(4)   Orders and judgments upon writs of habeas corpus; or

(5)   Any other interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:   A.   The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b)   [sic] The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or C.   The remedy by appeal after judgment is otherwise inadequate.   The petition for an appeal under subsection (5) of subdivision (b) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.' "

In comparing the order of the trial court herein, denying the motion for summary judgment, with the first four sub-divisions of the rule, it is immediately apparent that the order does not fall within any of the categories set out in those sub-divisions. We have examined the record of the proceedings herein and do not find any certificate of the trial judge as provided for by the fifth sub-division of the rule. In taking judicial notice of our records, we note that appellant has not filed with this Court the petition as provided for by the fifth sub-division of the rule. Therefore, since the order appellant seeks to appeal is not an *appealable* interlocutory order, we

cannot consider it as such, and as an interlocutory order, it presents nothing to us on appeal.

Neither is the order attempting to be appealed a final judgment from which an appeal will lie. As stated in the earlier quotation from Wright and Miller, *Federal Practice and Procedure,* a denial of a motion for summary judgment carries with it the implicit conclusion that there are genuine issues of material fact and that a trial will be necessary to resolve those issues of fact.

As our Supreme Court stated in *Richards* v. *Crown Point Community School Corp., supra,* it is the *putting to rest* of an issue that renders it appealable as a final order. The order which is the subject of this appeal, denying a motion for summary judgment, contrary to putting at rest any issue, implies that there *are* genuine issues of fact which cannot be resolved without trial. Therefore, we find appellant's approach to the trial court's order as being a final judgment to be untenable.

Since the attempted appeal herein is neither from the class of *appealable* interlocutory orders, nor from a final judgment, we find we have no jurisdiction over this appeal and, therefore, the same should be dismissed.

The Motion of the Appellee Wooldridge to Dismiss Appeal is sustained, and this cause is dismissed.

NOTE.—Reported at 315 N.E.2d 736.