Lloyd L. **LAMBERT** and Dorothy S. Lambert, Appellants,

v.

Wayne L. **PARRISH**, Appellee.

No. 33S04–8605CV–435.

Supreme Court of Indiana.

May 14, 1986.

John E. Eisele, Theodore F. Smith, Jr., Smith & Farrell, Anderson, for appellants.

Danford R. Due, Charles F. Miller, Jr., Stewart Reeder Due & Miller, Indianapolis, Robert W. Miller, Bagot, Free, Shearer & Miller, Anderson, for appellee.

GIVAN, Chief Justice.

This case is before the Court on appellee's "Petition To Transfer." The petition is granted and the opinion of the Court of Appeals reported at 467 N.E.2d 791 (Ind. App.1984), is vacated.

We adopt the statement of the Court of Appeals of the procedural history and the factual basis supporting the claim.

"As the appellant, the Reverend Lloyd Lambert, sat at his desk at work one February day in 1978, a man burst into his office and told him that the Reverend's wife, Dorothy, had been in a bad automobile accident at the end of the alley behind the office. Rev. Lambert ran from his office, and, as he headed up the alley, slipped on a patch of ice, injuring his back.

"Claiming his injuries were proximately caused by the accident and his attempt to rescue his wife (the rescue doctrine) Rev. Lambert joined with Dorothy in suing Wayne Parrish, the driver of the other automobile involved in Dorothy's accident. The Lambert's four-count complaint alleged that, as a proximate result of Parrish's negligent operation of his automobile, Rev. Lambert and Dorothy had each suffered personal injury and loss of consortium and services. The trial court granted Parrish's motion for partial summary judgment on Count III, for Rev. Lambert's personal injuries, and on Count IV, for Dorothy's loss of consortium and services of her husband. After the trial court finalized its grant of partial summary judgment pursuant to Ind. Rules of Procedure, Trial Rule 56(C), the Lambert's (sic) brought this interlocu-

tory appeal, claiming the trial court erred in ruling as a matter of law that Rev. Lambert's injuries were not proximately caused by any negligence by Parrish."

Indiana first recognized the rescue doctrine in *Neal v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280. After stating the elements of the doctrine from 65 C.J.S. *Negligence*, § 63, p. 554, the Court concluded the doctrine was not applicable as there was no underlying negligence by the defendant which created a situation inviting rescue. *Neal, supra* at 190, 111 N.E.2d at 295.

We hold under Indiana law the rescue doctrine is applicable to negligence actions. In *Neal* the Court defined the doctrine as follows: " 'One who has, through his negligence, endangered the safety of another may be held liable for the injuries sustained by a third person in attempting to save such other from injury.' " *Id.* at 167, 111 N.E.2d at 284 (quoting 65 C.J.S. *Negligence*, § 63, p. 554).

The issue presented in the case at bar is whether Rev. Lambert was in fact a rescuer to whom a duty of care was owed. If he was not, then, as a matter of law, he may not recover under this doctrine. We hold that he was not a rescuer. Thus we hold the trial court did not err when it granted summary judgment in favor of the defendant as to Rev. Lambert's negligence claim.

Judge Cardozo, writing in the case of *Wagner v. International Railway Co.* (1921), 232 N.Y. 176, 133 N.E. 437, stated:

"We may assume, though we are not required to decide that peril and rescue must be in substance one transaction; that the sight of one must have aroused the impulse to the other; in short, that there must be unbroken continuity between the commission of the wrong and the effort to avert its consequences." *Id.* at 181, 133 N.E. at 438.

In *Neal* the potential rescuer, the mother of a small child, heard the cries of her child who was trapped in an unfinished house across the street from the child's home. She responded to the cry and in turn was killed in a fall within the structure. The peril alleged was a stepladder which was left by workmen. The ladder was used to connect the ground floor with the second story. Hearing the child in danger as it confronts the peril equates with seeing the peril. The mother then immediately crossed the street to assist the child. There was the sensory perception of the peril of the child trapped by the negligently placed ladder and the effort to avert the consequences.

Only those who have a close proximity in time and distance to the party requiring assistance are within the class of potential rescuers. In the case at bar Rev. Lambert was inside his second story office when he heard from another man that Dorothy was involved in an accident more than a block from the office. While Rev. Lambert might have been within the time and distance framework, the facts of this case do not qualify him as a rescuer.

We hold a rescuer must in fact attempt to rescue someone. A rescuer is one who actually undertakes physical activity in a reasonable and prudent attempt to rescue. In the case at bar Rev. Lambert did not attempt to rescue his wife. His only attempt was to reach the scene of the accident. He exerted no physical activity to facilitate the rescue of his wife from the consequences of the allegedly tortious acts of Parrish.

The trial court is in all things affirmed.

All Justices concur.