Jerry **KOEHN, d/b/a Koehn & Moore Grain and Limestone Transporting Company and Estate of Robert A. Williams, et al., Appellants (Defendants Below),**

v.

Charmaine **DEVEREAUX, Individually and as the Executrix of the Estate of Arnold Devereaux, Appellee (Plaintiff Below).**

No. 3–285A31.

Court of Appeals of Indiana, Third District.

July 16, 1986.

R. Kent Rowe, Edmond W. Foley, Rowe & Laderer, South Bend, for appellants.

April Hansen, Peter L. Obremskey, Parr, Rickey, Obremskey & Morton, Lebanon, for amicus curiae.

Thomas C. Sopko, John C. Firth, Thomas C. Sopko & Associates, James R. Kuehl, Kuehl & Kuehl, South Bend, for appellee.

HOFFMAN, Judge.

At the time of his death, Arnold Devereaux was a veteran fireman with the La-Porte City Fire Department. According to the complaint, on May 1, 1980 Robert Williams was delivering limestone. He was operating a truck which was allegedly owned by Jerry Koehn, d/b/a Koehn & Moore Limestone Transporting Company (collectively referred to as Koehn). Williams was alleged to be an employee of Koehn. While Williams was operating the truck, it came into contact with overhead electrical power lines which were the property of Kankakee Valley Rural Electric Membership Corporation (Kankakee). Kankakee was alleged to have installed and maintained the lines. Upon contact with the power lines, electricity flowed into the truck and Williams was put in a position of peril. Devereaux came upon the scene and attempted to rescue Williams, but Devereaux sustained injuries himself which resulted in his death.

Charmaine Devereaux, as wife of the deceased and executrix of his estate, filed suit against Koehn's business, the estate of Williams and Kankakee alleging negligence which placed Williams in a position of peril inviting rescue. The defendants/appellants filed a motion for summary judgment.

The trial court denied the motion and certified three issues for interlocutory appeal:

"1. Does the Fireman's Rule exception to the Rescue Doctrine apply in Indiana?

2. If it applies, does it apply to the facts of this case?

3. If it applies to the facts of this case, does it defeat plaintiff's right of recovery against defendants as a matter of law?"

Before addressing these issues, it is necessary to address the appellee's contention that this Court lacks jurisdiction of this appeal. Appellee argues appellant has failed to file the record of proceedings within 30 days of the "ruling" which, appellee asserts, refers to the order sought to be appealed. Ind. Rules of Procedure, Appellate Rule 3(B). Appellee is correct; the record was not filed within 30 days plus extensions of the date of the denial of the summary judgment. However, this Court has jurisdiction.

The denial of a motion for summary judgment is an interlocutory order and not a final judgment. *Pitts v. Woolridge et al.* (1974), 161 Ind.App. 404, 315 N.E.2d 736. After a final judgment, such ruling may be raised in a motion to correct error pursuant to Ind. Rules of Procedure, Trial Rule 56(E), *Kasten, Admx. v. Sims Transp. et al.* (1975), 166 Ind.App. 117, 333 N.E.2d 906. The general appeal of interlocutory orders is provided for in Ind. Rules of Procedure, Appellate Rule 4(B) which reads in pertinent part:

"(B) ... Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(5) Transferring or refusing to transfer a case pursuant to Trial Rule 75;

(6) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition under subsection (6) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any."

The denial of a motion for summary judgment is not an interlocutory order specifically made appealable in subsections (1) through (5) of the rule. It is therefore subject to the provisions of subsection (6) which provides for discretionary interlocutory appeals. Pursuant to subsection (6), the trial court must certify that one of the conditions enumerated in subsections (a) through (c) applies. The prospective appellant must then petition the Court of Appeals requesting the interlocutory order be found appealable. The appellate court must also find to exist one of the conditions specified in subsections (a) through (c) in order to establish the order as an appealable interlocutory order. Since the order is not appealable prior to the appellate court's finding, the time for compliance with the procedural requirements for appeal does not begin to run until the appellate court's

ruling that the order is within the purview of one of the subsections and thus appealable.

■ Ind. Rules of Procedure, Appellate Rule 3(B) provides for the time in which appeals must be submitted to the appellate court. It provides:

"(B) ... In all appeals and reviews, except those from interlocutory orders, the record of the proceedings must be filed with the clerk of the Supreme Court and Court of Appeals within ninety [90] days from the date of the judgment or the ruling on the motion to correct errors, whichever is later. In appeals and reviews of interlocutory orders the record of the proceedings shall be filed within thirty [30] days of the ruling. However, if the statute under which the appeal or review is taken fixes a shorter time, the time fixed by the statute shall prevail."

The "ruling" from which the 30 days for filing of record is calculated is not specified or defined. However, consistent with the above reasoning, the applicable ruling is the ruling which establishes the order as appealable, i.e. the ruling of the Court of Appeals pursuant to A.R. 4(B)(6). Thus for interlocutory orders specifically appealable in A.R. 4(B)(1) through (5) the ruling of the trial court creates an appealable order and the 30 days for filing of record is calculated from that date. But for an interlocutory order appealable only through the discretionary process found in A.R. 4(B)(6), the ruling from which the 30 days is calculated is the Court of Appeals finding of appealability.

■ In addition, a motion to correct error is not applicable to an appeal of an interlocutory order pursuant to A.R. 4(B). *See, Hudson v. Tyson* (1978), 178 Ind.App. 376, 383 N.E.2d 66 and *Protective Ins. Co. et al. v. Steuber* (1977), 175 Ind.App. 139, 370 N.E.2d 406. Instead, the record consists of a specific assignment of the error alleged. Ind. Rules of Procedure, Appellate Rule 7.2(A)(1)(b). Therefore there is no ruling on a motion to correct error from which to time the 30 days specified in Ind. Rules of Procedure, Appellate Rule 2(A)

for filing a praecipe. Consequently, although a request of some type is necessary to obtain the record from the clerk of the trial court for filing with the appellate court clerk, for an interlocutory appeal the filing of the praecipe is not jurisdictional being impossible of time calculations as provided in A.R. 2(A).

The requirements of Appellate Rule 2(C) for the pre-appeal conference must accomodate the distinctions between the interlocutory appeal and the appeal of a final judgment. The documents required by Rule 2(C) applicable to an interlocutory order must be filed. Preferably, this filing will accompany the petition to the Court of Appeals requesting a finding of appealability.

Applying these principles to the present case, this Court does not lack jurisdiction for failure of the prospective appellant to file a praecipe within a specified time. The record was not due in the appellate court until 30 days after the ruling on July 20, 1985 accepting jurisdiction, plus any appropriate extensions of time. An extension of time is permissible pursuant to Ind. Rules of Procedure, Appellate Rule 14(B)(3) if the request for the record was filed within 30 days of the ruling from which the time for appeal began to run. Here that date was July 20, 1985 when the Court of Appeals accepted jurisdiction. The prospective appellant filed the request for the extension of time early having calculated the time from the denial of the motion for summary judgment, and this Court appropriately granted the request for extension at the time jurisdiction was accepted.

The prerequisites for a discretionary interlocutory appeal have been met by appellant and this Court has jurisdiction to address the certified issues.

Indiana law recognizes the rescue doctrine as was established in *Neal, Admr. v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280, *reh. denied,* 111 N.E.2d 713 even though the doctrine was found not to apply in *Neal.* The doctrine and its firm entrenchment in Indiana law was recently reaffirmed by the Indiana Supreme

Court in *Lambert v. Parrish* (1986), 492 N.E.2d 289, reversing the Court of Appeals' decision found at 467 N.E.2d 791. The rescue doctrine has been defined in these cases as follows: " 'One who has, through his negligence, endangered the safety of another may be held liable for injuries sustained by a third person in attempting to save such other from injury.' " *Neal, Admr. v. Home Builders, Inc., supra,* 232 Ind. at 167, 111 N.E.2d 280; *Lambert v. Parrish, supra.*

■ The fireman's rule is a principle of tort law which creates an exception to the liability imposed by the rescue doctrine. The rule basically provides that professionals, whose occupations by nature expose them to particular risks, may not hold another negligent for creating the situation to which they respond in their professional capacity. In the past, Indiana has recognized the doctrine in effect, if not in name, in two cases concerning landowner/occupier liability for on-premises injury of a fireman. In *Woodruff, Administrator v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113, the Supreme Court of Indiana held that a fireman is a licensee by permission of law when entering upon the property of another in performance of his duties. Therefore the fireman may recover only for a "positive wrongful act" which results in his injury. *Woodruff v. Bowen, supra,* 136 Ind. at 442, 34 N.E. 1113. This holding was reaffirmed by this Court in *Pallikan v. Mark* (1975), 163 Ind.App. 178, 322 N.E.2d 398, *trans. denied.* In *Pallikan* this Court found *Woodruff* to be controlling precedent and denied recovery to a fireman against a landowner on whose property the fireman had been injured as he fought a fire. The Court held again that the fireman was a mere licensee and could recover for injuries sustained only from positive wrongful acts of the landowner as he takes the risk of the condition of the premises upon which he enters in performance of his duties. *Pallikan v. Mark, supra,* 322 N.E.2d at 399.

■ The present case presents the issue of applicability of the fireman's rule to injuries sustained off-premises. Because we are bound by the case law set out in *Woodruff* and *Pallikan* as to on-premises injuries, and because it would create a dichotomy to establish policies which deny recovery to a fireman injured on-premises but allows recovery to a fireman injured off-premises, the fireman's rule must be applied to off-premises injuries sustained by firemen acting in their professional capacity. Just as the fireman who as a licensee and barring actual wrongful acts by the landowner "takes all risks as to the safe condition of the premises upon which he enters," *Pallikan v. Mark, supra,* so the fireman incurs the risks inherent in the situation when he undertakes an off-premises rescue in his official capacity.

■ The question remains as to the status of Arnold Devereaux at the time of the attempted rescue and resulting injury. If Devereaux was acting in his official capacity as a fireman, the fireman's rule will apply to prevent recovery. If however, Devereaux had not undertaken official duties, the fireman's rule does not apply to prevent recovery. *See, Pucalik v. Holiday Inns, Inc.* (7th Cir.1985) 777 F.2d 359, 363 applying Indiana law to a situation involving recovery for a policeman killed while working as a security guard. The question of status of Devereaux and thus the applicability of the fireman's rule, being a question of material fact, the motion for summary judgment was properly denied.

It should be noted that the events leading to the litigation occurred prior to the effective date of the Comparative Fault Act, IND.CODE § 34-4-33-1 *et seq.* effective January 1, 1985. The act does not apply to civil actions accruing before its effective date. P.L. 317-1983, SEC. 2. Cases accruing after that date will be controlled by the act wherein incurred risk and some types of assumption of the risk become elements of fault to be considered in determining percentages of negligence:

"34-4-33-2

Sec. 2. (a) As used in this chapter:

'Fault' includes any act or omission that is negligent, willful, wanton, or reckless

toward the person or property of the actor or others, but does not include an intentional act. The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages."

The denial of summary judgment is affirmed and the cause is remanded.

GARRARD, J., concurs.

STATON, P.J., dissents with opinion.

STATON, Presiding Judge, dissenting.

I dissent from the Majority Opinion because this Court lacks jurisdiction. Koehn failed to file his praecipe within thirty days of the trial court's ruling as provided by Appellate Rule 2(A). He filed his praecipe one hundred and thirty-one days after the trial court's ruling. Too, the Majority has promulgated a new appellate rule which is an invasion of the Indiana Supreme Court rule making power under our constitution. Therefore, I dissent and would dismiss the appeal.

After the ruling of the trial court on January 8, 1985 which denied the motions for summary judgment, Koehn waited thirty days before filing a petition with the Court of Appeals for an extension of time to file his record—a record which had not been praeciped. On May 22, 1985, one hundred and thirty-one days after the ruling of the trial court, Koehn finally files his praecipe for the record. Later, the Court of Appeals accepts jurisdiction of Koehn's interlocutory appeal and grants him an additional thirty day extension. Appellate Rule 2(A) provides:

An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties.

Appellate Rule 14(B)(3) provides:

Unless the praecipe or written request for the record and transcript was filed within thirty [30] days from the time when the period begins to run within which an appeal may be taken, no extension of time for the preparation of the record and transcript will be granted. The petition shall state any other facts showing that the court in which the appeal is taken or to be taken has jurisdiction and that the briefs will be on the merits. When the petition for an extension of time is filed by the appellee, the petition shall show that all motions to dismiss and all dilatory motions on behalf of the petitioner have been filed.

An examination of the record shows that Koehn forfeited his appeal by filing his praecipe one hundred and thirty-one days after the ruling of the trial court. AP 2(A) provides: "... said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or *the right to appeal will be forfeited.*" My emphasis.

Since the praecipe was not filed within the thirty day period required under AP 2(A), this Court had no jurisdiction to grant Koehn's petition for an extension of time to file his record. AP 14(B)(3): "Unless the praecipe ... for the record ... was filed within thirty [30] days .... no extension of time for the preparation of the record and transcript will be granted."

If the appeal was never properly initiated under the Indiana Rules of Appellate Procedure, this Court is without jurisdiction to grant a petition for an extension of time, and it can not assume jurisdiction of the appeal at a later time. The Rules of Procedure govern the conduct of the litigants and the Court of Appeals. The Rules must apply equally to all appeals or not at all. Appellate Rule 2(A) is mandatory. *Kelsey v. Nagy* (1980) Ind.App., 410 N.E.2d 1333; *Spencer v. Miller* (1973) 156 Ind.App. 462, 297 N.E.2d 491.

In all interlocutory appeals, the Appellate Rules provide that the praecipe shall be filed within thirty days from the ruling

being appealed. In this case, thirty days from the ruling on the motions for summary judgment. The Majority attempts to draw distinctions between interlocutory appeals taken under AP 4(B)(1–5) and interlocutory appeals taken under AP 4(B)(6). Because interlocutory appeals under AP 4(B)(6) are dependent upon a finding by the Court of Appeals. Too, because no motion to correct errors is involved in an interlocutory appeal "... the filing of the praecipe is not jurisdictional being impossible of time calculations as provided in A.R. 2(A)." Because of these distinctions, no motion to correct errors and a necessary finding by the Court of Appeals, the Majority concludes that "The record was not due in the appellate court until 30 days after the ruling on July 20, 1985 accepting jurisdiction, plus any appropriate extensions of time." This conclusion by the Majority constitutes a new appellate rule of procedure. It can not be legitimately inferred from any language in the present rules. It mandates a special procedure which has not been applied to all interlocutory appeals. It provides for a procedure which is not readily discernible from a reading of the present rules. If there is to be a new rule of appellate procedure regarding interlocutory appeals, it should be promulgated by the Indiana Supreme Court and made a part of AP 4.

What should Koehn have done? He should have followed the Indiana Rules of Appellate Procedure. After the trial court denied the motions for summary judgment, he should have filed his praecipe immediately so that the intent of the rule would be followed—an expedited appeal on a limited question of law. The very limited record could have been filed with the Clerk and filed stamped "Received" until the Court of Appeals made its finding of jurisdiction. Upon acceptance of jurisdiction, the record would have been stamped "Filed" and the appeal could have proceeded in the expeditious manner provided under the Appellate Rules. Since Koehn filed his praecipe one hundred and thirty-one days instead of thirty days after the ruling of the trial court, I would dismiss the appeal. Under the

Indiana Rules of Appellate Procedure, AP 2 and AP 14(B)(3), this Court does not have jurisdiction of the appeal.