**John R. SCOTT; Scott Financial Organization, Inc.; Thomas J. Brown; and Thomas J. Brown & Associates, Appellants (Defendants Below),**

v.

**BODOR, INC., Appellee (Plaintiff Below).**

No. 20A03–8910–CV–00443.

Court of Appeals of Indiana, Third District.

March 5, 1990.

Peter G. Tamulonis, Thomas J. Jarzyniecki, Jr., Kightlinger & Gray, Indianapolis, for appellants.

Stanley C. Fickle, Michael A. Klein, Barnes & Thornburg, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendants-appellants John R. Scott; Scott Financial Organizations, Inc.; Thomas J. Brown and Thomas J. Brown & Associates ("Scott and Brown") have petitioned this Court for leave to take an interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). Plaintiff-appellee Bodor, Inc. ("Bodor") takes no position as to whether Scott and Brown have satisfied their burden of showing that their appeal falls within one of the three substantive categories identified in App.R. 4(B)(6). Instead, Bodor

questions whether this Court has jurisdiction to accept the appeal.

The procedural history of Scott and Brown's appeal may be summarized as follows. On September 1, 1989, the trial court denied Scott and Brown's motion for partial summary judgment. On September 21, 1989, the trial court entered its order certifying certain issues for interlocutory appeal. Scott and Brown filed their praecipe with the clerk of the trial court on October 13, 1989, and on October 16, 1989, they petitioned this Court for an extension of time to file the record. On October 18, 1989, Scott and Brown served their pre-appeal statement and their petition requesting this Court to accept the interlocutory appeal.

Bodor suggests that this Court lacks jurisdiction to consider whether it should grant leave to take a permissive interlocutory appeal, because neither the praecipe, the record nor the motion for extension of time was filed within thirty days from the date the trial court denied summary judgment. To address Bodor's argument, it is necessary to first consider the nature of an order denying a motion for summary judgment.

■ The denial of a motion for summary judgment is an interlocutory order and not a final judgment. *Koehn v. Devereaux* (1986), Ind.App., 495 N.E.2d 211, 213. It is subject to the provisions of App.R. 4(B)(6), which provides for discretionary interlocutory appeals. Pursuant to subsection (6) of App.R. 4(B), the trial court must certify that one of the following conditions applies:

"(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate."

The prospective appellant must then petition the Court of Appeals, requesting that the interlocutory order be found appealable. The denial of a motion for summary judgment is not appealable until the Court of Appeals grants leave to appeal. *See Koehn v. Devereaux, supra,* 495 N.E.2d at 213; *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 461, 368 N.E.2d 12, 16.

■ Because a denial of summary judgment is not appealable until the appellate court grants leave to appeal, the time for compliance with the procedural requirements for appeal does not begin to run until the appellate court's ruling that the order is within the purview of App.R. 4(B)(6). *Koehn v. Devereaux, supra,* 495 N.E.2d at 213–214. Nonetheless, Bodor contends that the record of proceedings or a motion for extension of time to file the record should have been submitted to this Court within thirty days of the denial of summary judgment.

■ Ind. Appellate Rule 3(B) states that in appeals of interlocutory orders, the record of proceedings must be filed within thirty days of the ruling.

"The 'ruling' from which the 30 days for filing of record is calculated is not specified or defined. . . . [T]he applicable ruling is the ruling which establishes the order as appealable, *i.e.* the ruling of the Court of Appeals pursuant to A.R. 4(B)(6). Thus for interlocutory orders specifically appealable in A.R. 4(B)(1) through (5) the ruling of the trial court creates an appealable order and the 30 days for filing of record is calculated from that date. But for an interlocutory order appealable only through the discretionary process found in A.R. 4(B)(6), the ruling from which the 30 days is calculated is the Court of Appeals finding of appealability."

*Koehn v. Devereaux, supra,* 495 N.E.2d at 214.

Bodor's focus upon the date when summary judgment was denied is, therefore, misplaced.

■ Bodor also asserts that the praecipe was not timely filed by Scott and Brown. A similar assertion was made in *Koehn v. Devereaux, supra.* The pertinent appellate rule at that time provided that the

praecipe must be filed within thirty days after the trial court's ruling on the motion to correct error. Ind. Appellate Rule 2(A) (prior to amendments effective February 16, 1989). A motion to correct error was not applicable to an appeal of an interlocutory order. Hence, this Court concluded that "for an interlocutory appeal the filing of the praecipe is not jurisdictional being impossible of time calculations as provided in A.R. 2(A)." *Koehn v. Devereaux, supra*, 495 N.E.2d at 214.

App.R. 2(A) now provides that the praecipe must be filed "within thirty (30) days after the entry of a final judgment or an appealable final order or, if a motion to correct error is filed, within thirty (30) days after the court's ruling on such motion." A prospective appellant under App.R. 4(B)(6) has no appealable final order until the Court of Appeals determines that a discretionary interlocutory appeal may be taken. *Koehn v. Devereaux, supra*, 495 N.E.2d at 213; *Costanzi v. Ryan, supra*, 174 Ind.App. at 461, 368 N.E.2d at 16. Accordingly, the thirty-day period for filing a praecipe does not begin to run until the appellate court makes a finding of appealability.

██ Scott and Brown have complied with the procedural requirements for appeal in a timely manner. This Court has jurisdiction to determine whether it should grant leave to take a permissive interlocutory appeal. This Court finds that the denial of Scott and Brown's motion for partial summary judgment involves substantial questions of law, the early determination of which will promote a more orderly disposition of the case. App.R. 4(B)(6)(b). This Court hereby accepts the appeal.

RATLIFF, C.J., and GARRARD, J., concur.