**Steve WEST, Appellant**
**(Defendant Below),**

v.

**BACOMPT SYSTEMS, INC., Appellee**
**(Plaintiff Below).**

**No. 49A02–8903–CV–85.**

Court of Appeals of Indiana,
Second District.

July 24, 1990.

Steven K. Huffer, Mitchell Hurst Jacobs & Dick, Indianapolis, for appellant.

J. Richard Campbell, Skiles & Campbell, Indianapolis, for appellee.

SULLIVAN, Judge.

Steve West (West) appeals the trial court's action on West's motion to correct errors.

Bacompt Systems, Inc. (Bacompt) filed a suit against New York Telemarketing, Inc. (NYT) and West seeking to recover the balance due on a promissory note. Bacompt subsequently moved for summary judgment and neither West nor NYT responded. The court granted summary judgment in favor of Bacompt and against NYT and West. West filed a motion to correct errors requesting the court to cor-

rect and set aside the judgment on the basis that West signed the note in a representative capacity and not individually. The court granted West's motion to correct errors, set aside the judgment against West and set the cause for a "new trial." Record at 38. Subsequently, the court granted Bacompt permission to file an amended complaint. The amended complaint was then filed. However, rather than respond to the amended complaint, West instituted this appeal.

The issue presented by West is whether, in granting the motion to correct errors, the court erred in setting the cause for trial rather than granting summary judgment in favor of West. Neither West nor Bacompt dispute the trial court's action in setting aside the original summary judgment against West.

West argues that, although he never requested summary judgment from the trial court, he was nevertheless entitled to such relief through his motion to correct errors. However, upon review of the proceeding before us, we have determined that this appeal should be dismissed. West is not challenging a final appealable order, nor has the issue been certified by the trial court so as to constitute an appealable interlocutory order under A.R. 4(B)(6).

Trial rule 59(F) provides:

"Any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct errors shall be an appealable final judgment or order."

Certainly in this case, the court set aside a final judgment against West. However, as earlier stated, neither party is challenging the court's action in setting aside the summary judgment against West. In fact, West states unequivocally:

"West does not appeal the Trial Court's order vacating the judgment against him in his individual capacity." Brief of Appellant at 11.

Therefore, T.R. 59(F) is not applicable.

West argues that because his motion to correct errors alleged that the summary judgment originally entered against him was contrary to the law and the evidence, it was the functional equivalent of a motion for summary judgment. West further argues that the trial court erred in failing to enter judgment for West "since the undisputed evidence required it as a matter of law." Brief of Appellant at 12. Therefore, West is essentially challenging on appeal the court's action in failing to grant him summary judgment, although such relief was not specifically requested. Thus, West's argument on appeal is the equivalent of challenging the denial of a motion for summary judgment.

Ind.Trial Rule 56(E) provides, in part:

"Denial of summary judgment may be challenged by a motion to correct errors after a final judgment or order is entered."

We have previously held that the denial of a motion for summary judgment is not an appealable interlocutory order. *See Koehn v. Devereaux* (1986) 3d Dist. Ind.App., 495 N.E.2d 211; *Pitts v. Wooldridge* (1974) 1st Dist. 161 Ind.App. 404, 315 N.E.2d 736.

In *Loving v. Ponderosa Systems, Inc.* (1985) Ind., 479 N.E.2d 531, our Supreme Court addressed the ability of a party to appeal the denial of a summary judgment. In that case, the appellant and another party moved for summary judgment. The court originally granted partial summary judgment. Subsequently two motions to correct errors were filed which the court sustained, setting aside its earlier grant of summary judgment and denying the previous two motions for summary judgment.

The court held that the appeal should have been dismissed when it was first presented to the Court of Appeals because it was an appeal from the denial of a motion for summary judgment. In analyzing the issue, the court made the following comments:

"[T]he denial of a motion for summary judgment is not a final judgment from which an appeal may be taken, because no rights have been thereby foreclosed. An interlocutory appeal may sometimes be had from such denial but only in accordance with Appellate Rule 4(B)(6), as

in *Schideler, et al v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281.

The Court of Appeals erroneously held that Lovings were entitled to maintain the appeal under Trial Rule 59(F) and Appellate Rule 4(A), observing that Lovings had been prejudiced by the ruling upon the Ponderosa motion to correct errors. This would be a correct view under *P–M Gas & Wash Co. v. Smith* (1978), 268 Ind. 297, 301, 375 N.E.2d 592, 594, wherein the issue was whether or not a new motion to correct errors was required when relief had been granted upon an earlier motion. However, that case is not applicable here, the distinction being that here there has been no final judgment. The rights of the parties were not, thereby, determined. Rather, they were merely placed in abeyance pending further proceedings—where they would have been had the motions been denied in the first instance." *Loving,* 479 N.E.2d at 534–535.

The same concerns which support the determination that the denial of a motion for summary judgment is not a final appealable order motivate us here. In the present case there has been no final judgment and the rights of the parties have not yet been determined.

Because West attempts to appeal an issue which is based neither upon a final order or judgment nor upon an appealable interlocutory order, we have no jurisdiction to review any potential errors of the court in failing to enter summary judgment for West.

■ West also argues that the court erred in granting a new trial because the court failed to make findings as required by Ind.Trial Rule 59(J)(7) which states, in relevant part:

"In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

Although the court used the words "new trial" in its order setting aside the summary judgment, it is clear the court intended merely to restore the case to the procedural posture which existed prior to the granting of summary judgment for Bacompt. A motion to correct errors striking a summary judgment has the effect of returning an action to the status of a pending, undecided case. *Rogers v. City of Evansville* (1982) 1st Dist. Ind.App., 437 N.E.2d 1019. Further, a summary judgment proceeding is not a trial such that the action of setting aside a summary judgment and setting the cause for trial must be treated as the granting of a "new trial." *See Brames v. Crates* (1980) 3d Dist. Ind.App., 399 N.E.2d 437. Since we have determined that the court's action in this case did nothing more than return the case to a pending, untried posture, we do not yet have a determination which is subject to review on appeal.

For the foregoing reasons, the appeal is dismissed.

SHIELDS, P.J., and STATON, J., concur.